STATE OF NORTH CAROLINA v. ROBERT ALSTON, JR.

No. 8821SC237

(Filed 1 November 1988)

**1. Narcotics § 4.3— constructive possession of cocaine—sufficiency of evidence**

Evidence was sufficient to permit the jury to infer defendant's constructive possession of cocaine found in a building over which defendant did not have exclusive control where defendant was arrested in the same room where police found the cocaine in plain view, and defendant had a large amount of cash on his person.

**2. Narcotics § 4— possession of cocaine with intent to sell—sufficiency of evidence**

Evidence of defendant's intent to sell was sufficient to support his conviction of possession of cocaine with intent to sell where defendant was arrested in a room where police found in plain view 20 separate envelopes containing a total of 4.27 grams of cocaine and defendant had on his person $10,638 in cash.

**3. Narcotics § 4— maintaining building for purpose of keeping or selling cocaine— residence not required—sufficiency of evidence**

There was no merit to defendant's contention that evidence was insufficient to show that he resided in a building where cocaine was found and that he therefore could not be convicted under N.C.G.S. § 90-108(a)(7), (b) for intentionally maintaining a building for the purpose of keeping and selling a controlled substance, since the statute does not require residence; defendant's payment of rent and possession of the key to the padlock supported the inference that he maintained the building; evidence that he did not actually reside there permitted the inference that he maintained it for an illegal purpose; prior to defendant's arrest, police observed numerous people stopping at the building for short times and then leaving; and defendant was arrested in the building in the same room where cocaine was found at a time when he had a large amount of cash on his person and when approximately fifteen people were present.

**4. Narcotics § 3.2; Constitutional Law § 65— money seized from defendant—failure of State to return—evidence as to existence of money properly admitted**

The State's failure to comply with an order directing the return of money seized from defendant's person upon his arrest for possession of cocaine with intent to sell did not preclude the State from presenting evidence of the money's existence; nor did the State's failure to produce the money violate defendant's constitutional right to confront witnesses against him, as that right applies only to witnesses and not to physical evidence. N.C.G.S. § 15-11.1.

**5. Criminal Law § 43— photographs of money—admission for illustration**

The trial court did not err in admitting photographs of money taken from defendant's person at the time of his arrest for possession of cocaine with intent to sell, since the photographs were used for illustrative purposes.

**6. Narcotics § 3.1— keeping building for selling narcotics—prior arrests of individuals in building—admissibility of evidence**

In a prosecution of defendant for maintaining a building for the purpose of keeping or selling a controlled substance, the trial court did not err in admitting testimony regarding prior arrests of other individuals at the building where defendant was arrested, since the prior drug-related arrests were made within the time period when defendant was paying rent on the building, and evidence of drug activity at the building during that time was relevant to the charge.

**7. Narcotics § 4.7— keeping building for selling narcotics—distinction between felony and misdemeanor—instructions proper**

In a prosecution of defendant for maintaining a building for the purpose of keeping or selling a controlled substance, the trial court adequately instructed the jury on the distinction between the misdemeanor charge of "knowingly" maintaining a building in violation of N.C.G.S. § 90-108(a)(7) and the felony charge under N.C.G.S. § 90-108(b) when the violation is "committed intentionally."

APPEAL by defendant from *Stephens (Donald W.), Judge.* Judgment entered 30 September 1987 in Superior Court, FORSYTH County. Heard in the Court of Appeals 28 September 1988.

Defendant was tried and convicted of (i) possession of more than one gram of cocaine with the intent to sell and (ii) intentionally keeping and maintaining a building used for the purpose of keeping and selling a controlled substance.

The State's evidence tended to show the following. On 4 February 1987 several Winston-Salem police officers, acting pursuant to a search warrant, entered premises located at 517 West 17th Street. In one room of the building which contained a bar, the officers found twenty glassine envelopes lying on top of the bar. Subsequent tests of the contents of five of the envelopes revealed that they contained cocaine.

When the police arrived, approximately fifteen people were on the premises. Four or five people, one of whom was defendant, were in the room where the drugs were found. The police found a key ring in the building which defendant identified as his own, and one of the keys on the ring fit a padlock on the front door of the building. The police also searched defendant's person, and seized large rolls of currency totalling $10,638.00 and a rent receipt for the premises dated 3 February 1987.

The premises were rented in the name of Hattie Perry, which was the name appearing on the receipt. The same name appeared on phone and power bills found on the premises. The owner of the building testified that he had never met a Hattie Perry, that the building had been leased under that name for eight to ten months, and that defendant had paid the rent for the month of February and on four or five previous occasions. The only Hattie Perry the police were able to locate had lived in Charlotte and died in September 1985. An employee of a State agency testified that defendant gave 517 West 17th Street as his home address in October 1986.

Defendant presented no evidence. The offenses were consolidated for the purpose of judgment and, from a judgment imposing a ten-year prison term, defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General John R. Corne, for the State.*

*Larry F. Habegger for defendant-appellant.*

PARKER, Judge.

Defendant brings forward seven assignments of error. Defendant's first two assignments of error are that the trial court erred in denying his motions to dismiss both charges against him for insufficient evidence. Defendant's next two assignments of error are that the trial court erred in admitting into evidence testimony concerning money seized from defendant's person and photographs used to illustrate this testimony. Defendant also assigns error to the trial court's admission of testimony regarding prior arrests of others made at the location of defendant's arrest and evidence that the search warrant indicated that there was drug traffic at the premises. Defendant's final assignment of error is directed to the trial court's charge to the jury on the offense of intentionally maintaining a building for the purpose of keeping and selling a controlled substance.

Defendant first contends that the trial court erred in denying his motion to dismiss the charge of possession of cocaine with the intent to sell. In order to withstand defendant's motion, the State was required to present substantial evidence that defendant (i) had either actual or constructive possession of the cocaine and (ii)

possessed the cocaine with the intent to sell. *State v. Williams,* 307 N.C. 452, 455, 298 S.E. 2d 372, 374 (1983). In determining whether there is substantial evidence of each element of the offense, the evidence is viewed in the light most favorable to the State and the State is entitled to every reasonable inference to be drawn from the evidence. *Id.* at 454-55, 298 S.E. 2d at 374. Defendant contends that the State failed to present substantial evidence of either his possession of the cocaine or his intent to sell.

[1] Because defendant was not in actual possession of the cocaine, he could only be convicted under the theory of constructive possession. Where controlled substances are found on premises under the defendant's control, this fact alone may be sufficient to give rise to an inference of constructive possession and take the case to the jury. *State v. Harvey,* 281 N.C. 1, 12, 187 S.E. 2d 706, 714 (1972). Where, however, the defendant's possession of the premises is nonexclusive, constructive possession may not be inferred in the absence of other incriminating circumstances. *State v. McLaurin,* 320 N.C. 143, 146, 357 S.E. 2d 636, 638 (1987).

In the present case, although defendant exercised some control of the premises, his control was not exclusive. There were several other people in the building at the time of defendant's arrest and the owner of the building testified that the rent had been paid at times by people other than defendant. In addition, there was some evidence that another individual had been living in the building.

The evidence, however, suggests incriminating circumstances, other than defendant's control of the premises, sufficient to permit the jury to infer constructive possession. Defendant was arrested in the same room where the police found the cocaine in plain view. A defendant's presence on the premises and in close proximity to a controlled substance is a circumstance which may support an inference of constructive possession. *See State v. Leonard,* 87 N.C. App. 448, 456, 361 S.E. 2d 397, 402 (1987), *disc. rev. denied and appeal dismissed,* 321 N.C. 746, 366 S.E. 2d 867 (1988); *State v. Rich,* 87 N.C. App. 380, 383, 361 S.E. 2d 321, 323 (1987). Although the effect of this circumstance is somewhat mitigated by the fact that others were present in the room, the large amount of cash found on defendant's person is an additional incriminating circumstance. *See State v. Brown,* 310 N.C. 563, 569,

313 S.E. 2d 585, 589 (1984). These circumstances, coupled with defendant's nonexclusive control of the premises, were sufficient to allow the jury to infer that defendant had constructive possession of the cocaine.

[2]   Defendant also contends that the State failed to present substantial evidence of his intent to sell. Defendant argues that the amount of cocaine found on the premises was not sufficient to support a finding of intent to sell. State's evidence showed that there was, at the most, 4.27 grams of cocaine contained in the envelopes found in the building. The cocaine was packaged, however, in twenty separate envelopes. Even where the amount of a controlled substance is small, the method of packaging is evidence from which the jury may infer an intent to sell. *See State v. Williams*, 71 N.C. App. 136, 139-40, 321 S.E. 2d 561, 564 (1984). The cash found on defendant's person also supports such an inference. Therefore, the trial court did not err in denying defendant's motion to dismiss the charge of possession with intent to sell.

[3]   Defendant next contends that there was insufficient evidence to support his conviction under G.S. 90-108(a)(7), (b) for intentionally maintaining a building for the purpose of keeping and selling a controlled substance. Defendant relies on *State v. Rich, supra,* in which this Court upheld a conviction under G.S. 90-108(a)(7) on the grounds that the defendant resided in the house where the drugs were found. *Rich,* 87 N.C. App. at 384, 361 S.E. 2d at 324. Defendant argues that there is not sufficient evidence to show that he actually resided at the building.

Defendant's argument is without merit. General Statute 90-108(a)(7) does not require residence, but permits conviction if a defendant merely keeps or maintains a building for the purpose of keeping or selling controlled substances. Defendant's payment of rent and possession of the key to the padlock support the inference that he maintained the building, and the evidence that defendant did not actually reside there permits the inference that he maintained it for an illegal purpose. Prior to defendant's arrest, police observed numerous people stopping at the building for short times and then leaving. These facts, together with the circumstances supporting defendant's conviction on the possession charge, are clearly sufficient to sustain a conviction under G.S. 90-108(a)(7), (b). Defendant's first two assignments of error are overruled.

[4]  Defendant's next two assignments of error concern the admission of testimony regarding the money seized from defendant's person and the State's use of photographs to illustrate that testimony. The money itself was not produced at trial. The record shows that a Forsyth County District Court Judge, after a probable cause hearing on the charges against defendant, ordered that the money be returned, but the order had not been complied with at the time of trial. Counsel for the State advised the trial court that the money was in the possession of the federal government.

Defendant first contends that the State's failure to comply with the order directing the return of the money should preclude it from presenting other evidence of the money's existence. The District Court's order is not, however, the subject of this appeal and the record is not sufficient to enable us to rule on the issue of the State's compliance with the order. In any event, the State's failure to comply with such an order would not require the trial court to exclude testimony that is otherwise admissible. General Statute 15-11.1 authorizes the introduction of photographs or other identification of seized property so long as the substitute evidence "is not likely to substantially prejudice the rights of the defendant . . . ." Defendant has not shown how he was prejudiced and, if he wished to obtain the money for the purpose of preparing his defense, he should have utilized pretrial discovery procedures. *See* G.S. Chap. 15A, Art. 48.

Defendant next argues that the State's failure to produce the money violated his constitutional right to confront the witnesses against him as guaranteed by the sixth amendment to the United States Constitution and article I, section 23 of the North Carolina Constitution. These constitutional provisions, however, only pertain to witnesses. Defendant does not cite, and we are unaware of any authority which has applied the constitutional right of confrontation to physical evidence. Defendant was afforded the opportunity to cross-examine the officers who testified regarding the money and to present evidence on his own behalf. Thus, no violation of his constitutional rights occurred.

[5]  Defendant also contends that the trial court erred in admitting photographs of the money and other items because the State failed to produce the actual items at trial. The photographs were taken at the time of defendant's arrest. They depict the defend-

ant and several items on a table, some of which were seized from defendant's person. The trial court admitted the photographs for illustrative purposes only. Defendant argues that the photographs were substantive evidence because they depicted items that were not produced at trial. He further argues that they should have been excluded because a proper foundation was not laid for their admission.

A review of the transcript shows that the photographs were used by one of the arresting officers to illustrate his testimony concerning the items that were seized from defendant's person. Although other items were included in the photographs, the officer identified those that were taken from defendant. The officer clearly indicated that the photographs accurately portrayed what he had observed. Thus, the photographs were properly authenticated for illustrative purposes. *See State v. Atkinson*, 275 N.C. 288, 311, 167 S.E. 2d 241, 255 (1969), *death sentence vacated*, 403 U.S. 948, 91 S.Ct. 2283, 29 L.Ed. 2d 859 (1971).

General Statute 8-97, which authorizes the introduction of photographs as substantive evidence upon the laying of a proper foundation, provides: "This section does not prohibit a party from introducing a photograph . . . solely for the purpose of illustrating the testimony of a witness." The trial judge in this case stated that the photographs were received for illustrative purposes only. Although the trial judge did not give a limiting instruction, none was requested by defendant. The failure to give such an instruction is not reversible error in the absence of a request made at the time the photographs are received into evidence. *State v. Kuplen*, 316 N.C. 387, 417-18, 343 S.E. 2d 793, 809-10 (1986). Accordingly, we find no error in the trial court's admission of the photographs.

[6] Defendant next assigns error to the trial court's admission of testimony regarding prior arrests of other individuals at the building where defendant was arrested. Defendant contends that evidence of the prior arrests, which were drug-related, should have been excluded on the grounds that it is irrelevant to the charges against him. We disagree. The testimony in question shows that the arrests were made in December 1986, which is within the time period when defendant was paying rent on the building. Evidence of drug activity at the building during this

time is relevant to the charge of maintaining a building for the purpose of keeping or selling a controlled substance. The assignment of error is overruled.

Defendant also assigns error to the trial court's admission of an officer's testimony as to information contained in the search warrant. The assignment of error is based on the following exchange:

> Q. Had you had prior information contained in the search warrant which indicated to you that there was some drug traffic at that location?
>
> A. Yes, I did.
>
> Q. What information did you have?
>
> MR. HABEGGER: Objection.
>
> THE COURT: Sustained.

Defendant failed to object to the first question and answer, and his objection to the second question was ineffective to challenge the first. Defendant's failure to make a timely objection or a motion to strike precludes him from assigning error to the trial court's admission of the testimony. *State v. Burgess*, 55 N.C. App. 443, 447, 285 S.E. 2d 868, 871 (1982); Rule 103(a)(1), N.C. Rules Evid.

[7] Defendant's final assignment of error is that the trial court did not adequately instruct the jury on the distinction between the misdemeanor charge of "knowingly" maintaining a building in violation of G.S. 90-108(a)(7) and the felony charge under G.S. 90-108(b) when the violation is "committed intentionally." This Court has made the following distinction with regard to misdemeanor and felony charges under G.S. 90-108:

> A person knows of an activity if he is aware of a high probability of its existence. *See* Black's Law Dictionary (5th ed. 1979). A person acts intentionally if he desires to *cause* the consequences of his act or that [sic] he believes the consequences are substantially certain to result. *Id.*

*State v. Bright*, 78 N.C. App. 239, 243, 337 S.E. 2d 87, 89 (1985), *disc. rev. denied*, 315 N.C. 591, 341 S.E. 2d 31 (1986).

In the present case, the trial court instructed the jury on the elements of the misdemeanor and felony charges, and distinguished "knowingly" and "intentionally" as follows:

> Ladies and gentlemen, I have used the term[s], knowingly and intentionally. I instruct you that one could act knowingly by permitting or allowing something to occur without personally intending that it occur.

The trial court's charge, although somewhat terse, conveys the gist of the distinction enunciated in *State v. Bright, supra.* Furthermore, the record reveals that defendant failed to object to the charge as given; therefore, he has waived his right to assign error to the charge. Rule 10(b)(2), N.C. Rules App. Proc.

For the foregoing reasons, we hold that defendant's trial was free of reversible error.

No error.

Judges PHILLIPS and EAGLES concur.