STATE OF NORTH CAROLINA v. CAROLYN JONES

No. 8922SC149

(Filed 6 February 1990)

1. **Searches and Seizures § 39 (NCI3d)— warrant not executed by officer who obtained it**

    A search was not unlawful because the officer who executed the warrant was not the same officer to whom the warrant was issued, it being sufficient that the officer who executed the warrant was acting within his territorial jurisdiction and investigative authority. N.C.G.S. § 15A-247.

    **Am Jur 2d, Searches and Seizures §§ 62, 71, 108.**

2. **Searches and Seizures § 42 (NCI3d)— preliminary search before service of warrant**

    Although N.C.G.S. § 15A-252 requires service of the warrant before "any search or seizure," the statute does not preclude a preliminary search of the premises to locate, detain, or frisk individuals on the premises prior to service of the warrant in order to ensure the safety of the officers and to prevent possible suspects from fleeing or destroying evidence. N.C.G.S. §§ 15A-255 and 15A-256.

    **Am Jur 2d, Searches and Seizures § 107.**

3. **Searches and Seizures § 41 (NCI3d)— execution of warrant— knock and announce requirements—forcible entry**

    Officers complied with N.C.G.S. §§ 15A-249 and 15A-251 when they forcibly entered defendant's premises to execute

a search warrant for narcotics where they knocked on the door and announced their identity in a loud voice and, after waiting approximately one minute and receiving no response, they forcibly entered the premises.

**Am Jur 2d, Searches and Seizures § 91.**

4. **Searches and Seizures § 39 (NCI3d) — search pursuant to warrant — receipt for seized items**

Evidence seized in a search under a warrant was not required to be excluded on the ground that officers did not give a receipt for the seized items to defendant as required by N.C.G.S. § 15A-254 where the record on appeal contains a copy of the inventory which indicates that it was tendered to defendant but she refused to acknowledge its receipt. Furthermore, defendant waived her right to challenge the admissibility of evidence on this ground by failing to raise this issue in a written or oral motion to suppress.

**Am Jur 2d, Searches and Seizures § 115.**

5. **Searches and Seizures § 39 (NCI3d) — warrant in possession of officers — sufficiency of findings**

The trial court's findings were sufficient to establish that a search warrant had been issued and officers had the warrant in their possession at the time of their entry into defendant's residence.

**Am Jur 2d, Searches and Seizures § 108.**

6. **Criminal Law § 84 (NCI3d); Narcotics § 3.2 (NCI3d) — seized currency — release to federal officials without court order — evidence admissible**

Evidence concerning currency seized from defendant's apartment was not inadmissible in a prosecution of defendant for narcotics offenses because officers released the currency to the Federal Drug Enforcement Administration without obtaining a court order because (1) N.C.G.S. § 15A-258 expressly authorizes seized property to be held by any law enforcement agency and does not require a court order prior to the release of seized property, and (2) even if the statute was violated, the evidence was not excludable on that ground since it was

STATE v. JONES

[97 N.C. App. 189 (1990)]

not "obtained as a result of" a violation of the statute. N.C.G.S. § 15A-974(2).

**Am Jur 2d, Searches and Seizures § 117.**

7. **Narcotics § 3.2 (NCI3d); Constitutional Law § 65 (NCI3d) — currency seized from defendant — failure to produce at trial — admission of substitute evidence — right to confront witnesses**

The State's failure to produce at trial currency seized from defendant's residence did not preclude the State from offering other evidence concerning the currency where defendant testified that she owned the currency and the admission of substitute evidence of the seized currency thus did not prejudice defendant's rights. N.C.G.S. § 15A-11.1. Nor did the State's failure to produce the money at trial violate defendant's state or federal constitutional rights to confront witnesses against her as those rights do not apply to physical evidence.

**Am Jur 2d, Drugs, Narcotics, and Poisons § 46.**

8. **Criminal Law § 43 (NCI3d) — photographs of seized currency — admissibility for illustration**

Photographs of currency seized from defendant's residence were properly admitted for illustrative purposes although the currency was not produced at the trial.

**Am Jur 2d, Evidence § 289.**

9. **Criminal Law § 77.1 (NCI3d) — statements by defendant — admission of party-opponent**

Evidence that defendant had testified in a prior proceeding that an apartment from which cocaine was seized was her residence and that she lived there alone was admissible as an admission of a party-opponent. N.C.G.S. § 8C-1, Rule 801(d)(A).

**Am Jur 2d, Evidence §§ 616, 648.**

10. **Narcotics § 4.3 (NCI3d) — trafficking in cocaine — constructive possession — sufficient evidence**

The evidence was sufficient for the jury to infer that defendant had constructive possession of cocaine found in her apartment so as to support a charge of trafficking in cocaine by possession of 28 grams or more but less than 200 grams, although other persons were in the apartment when it was searched by the police, where it tended to show that over

50 grams of cocaine were found in the apartment; defendant lived in the apartment alone; almost all of the cocaine was discovered in an upstairs bedroom of the apartment which was locked when the officers arrived; defendant was in the bedroom at that time, and she hid in the closet when the officers began their search; police discovered some of the cocaine in plastic bags in plain view on top of a cabinet in the bedroom and in other plastic bags under the bed; there was approximately $4,000.00 in currency in plain view on the cabinet and $17,000.00 in a locked compartment of the cabinet; and defendant testified that she owned the currency and the keys to the locked compartment and that she kept the bedroom locked and did not allow anyone to enter it.

**Am Jur 2d, Drugs, Narcotics, and Poisons § 47.**

11. **Narcotics § 4 (NCI3d) — possession of cocaine with intent to sell or deliver — manufacturing cocaine — sufficiency of evidence**

The evidence was sufficient to support charges of possession of cocaine with intent to sell or deliver and manufacturing cocaine where it tended to show that police found in defendant's apartment a large amount of cocaine packaged in numerous plastic bags, large amounts of currency, packaging materials, a set of scales, measuring spoons and sifters.

**Am Jur 2d, Drugs, Narcotics, and Poisons § 47.**

12. **Narcotics § 4 (NCI3d) — maintaining dwelling for sale of narcotics — sufficiency of evidence**

Evidence which supported charges of trafficking in cocaine, possession of cocaine with intent to sell or deliver, and manufacturing cocaine also supported a charge of intentionally maintaining a dwelling for the purpose of keeping or selling a controlled substance when combined with defendant's admission that she maintained as her residence the apartment where the cocaine was found.

**Am Jur 2d, Drugs, Narcotics, and Poisons § 47.**

13. **Constitutional Law § 48 (NCI3d) — ineffective assistance of counsel — insufficient contention**

Defendant's contention that her counsel "failed throughout the trial" to present evidence and cross-examine witnesses "in a sufficient manner" was inadequate to support a claim

STATE v. JONES

[97 N.C. App. 189 (1990)]

of ineffective assistance of counsel where defendant did not indicate what evidence counsel failed to present or what matters he failed to inquire about on cross-examination.

**Am Jur 2d, Criminal Law §§ 967, 984, 985.**

APPEAL by defendant from judgments entered 21 September 1988 by *Judge J. D. DeRamus, Jr.* in DAVIDSON County Superior Court. Heard in the Court of Appeals 31 August 1989.

Defendant was tried and convicted of intentionally keeping and maintaining a dwelling house for the purpose of keeping or selling a controlled substance, manufacturing cocaine, possession with intent to sell or deliver cocaine, and trafficking in cocaine by possession of 28 grams or more but less than 200 grams. The offenses of manufacturing and possession with intent to sell or deliver were consolidated in a judgment imposing a sentence of three years, to run consecutively with sentences of two years for keeping and maintaining a dwelling house and seven years for trafficking. From the judgments imposing the sentences, defendant appeals.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Lucien Capone, III, for the State.*

*Klass & Klass, P.A., by Mark E. Klass and Michael A. Johnson, Jr., for defendant-appellant.*

*Scott Y. Curry for defendant-appellant.*

PARKER, Judge.

Defendant brings forward 26 assignments of error which raise issues in five broad categories: (i) whether the trial court erred in denying defendant's motion to suppress evidence seized pursuant to a search warrant on the grounds that the execution of the warrant did not comply with certain provisions of G.S., Chap. 15A; (ii) whether the trial court erred in admitting evidence of currency seized pursuant to the warrant on the grounds that the currency was improperly disposed of prior to trial; (iii) whether the trial court erred in admitting evidence of defendant's testimony in a prior proceeding; (iv) whether the trial court erred in denying defendant's motion to dismiss the charges against her for insufficient evidence; and (v) whether defendant was denied her constitutional right to effective assistance of counsel.

STATE v. JONES

[97 N.C. App. 189 (1990)]

I.

On 18 September 1987, police officers searched defendant's residence, an apartment located at 910-E Culbreth Avenue in Thomasville. The officers acted pursuant to a warrant, and they seized several items including large amounts of currency, numerous plastic bags containing cocaine with a total weight in excess of 50 grams, and paraphernalia for measuring and packaging cocaine. Defendant does not contest the validity of the warrant. Prior to trial, defendant made a written motion to suppress the items seized pursuant to the warrant on the grounds that the officers began the search before the warrant had been issued. At trial, defendant also contended that the officers did not properly execute and serve the warrant.

The trial court conducted a *voir dire* on defendant's motion to suppress. The State's evidence on *voir dire* tended to show the following: A magistrate issued a search warrant for the premises at 910-E Culbreth Avenue to Detective Phillips of the Thomasville Police Department at 3:35 p.m. on 18 September 1987. Detective Phillips then gave the warrant to Lieutenant Bratton. Bratton went to the address on the warrant and approached the front door accompanied by another officer. The officers knocked on the door and repeatedly announced in a loud voice that they were police officers and had a warrant to search the premises. The officers could hear people talking and a television in the apartment, but nobody came to the door, which was locked. After waiting for approximately one minute, the officers forced their way into the apartment. Once inside, Bratton went to the second floor of the apartment. He saw Bracy Tyrone Jones, defendant's son, whom he stopped and frisked for weapons. He then took Mr. Jones downstairs where other officers had detained several other individuals. Detective Phillips arrived at the premises at approximately 3:50 p.m. Bratton informed Phillips that defendant had not been found in the residence. Bratton handed the warrant to Phillips, and Phillips read the warrant to Mr. Jones. The officers then began an extensive search of the premises. At approximately 4:30 p.m., the officers discovered defendant in a closet in an upstairs bedroom. The search continued until approximately 8:30 p.m., and the warrant and an inventory of the seized items were returned and sworn to at 8:45 p.m.

Defendant offered the testimony of two witnesses on *voir dire*. Elizabeth Berry testified that she was on the premises on the

date of the search; that she never heard the officers knock or announce themselves before they entered; that the officers did not read the warrant until after they searched the apartment; and that the officers first entered the apartment at 2:35 p.m. Bracy Tyrone Jones testified that the officers entered at approximately 2:30 p.m.; that he did not hear the officers knock or announce themselves; and that the officers read the warrant to him approximately one hour after they entered.

After receiving testimony, the trial court found as facts that the warrant was issued to Detective Phillips at 3:35 p.m.; that Lieutenant Bratton executed the warrant "shortly thereafter"; that Bratton entered the premises approximately one minute after he knocked and announced himself; that there was no search prior to Bratton's entry; that Phillips arrived approximately 35 minutes later and read the warrant to Mr. Jones before a "thorough search" of the premises occurred; and that defendant was on the premises at all times but was hidden in a closet and was not found until approximately 45 minutes after the execution of the warrant. Based on these findings, the court concluded that the search was lawful and denied defendant's motion to suppress the seized items.

[1] Defendant first contends that the search was unlawful because the officer who executed the warrant was not the same officer to whom the warrant had been issued. This contention is meritless. General Statute 15A-247 provides that "[a] search warrant may be executed by any law-enforcement officer acting within his territorial jurisdiction, whose investigative authority encompasses the crime or crimes involved." It is clear that the officer who executed the warrant in this case was acting within his territorial jurisdiction and investigative authority. See State v. Tessnear, 265 N.C. 319, 322, 144 S.E.2d 43, 46 (1965) (warrant need not be executed by the same officer who made the affidavit upon which the warrant was issued).

[2] Defendant next contends that the trial court erred in denying her motion to suppress because the search was conducted in violation of the statutory requirement that "[b]efore undertaking any search or seizure pursuant to the warrant, the officer must read the warrant and give a copy of the warrant application and affidavit to the person to be searched, or the person in apparent control of the premises or vehicle to be searched." G.S. 15A-252. The trial court found as facts that Detective Phillips read the warrant to

Mr. Jones approximately 35 minutes after the officers' initial entry and that no "thorough search" had been conducted before the officer read the warrant. Although there was some conflicting evidence, there was competent evidence to support the court's findings and, therefore, the findings are conclusive on appeal. *State v. Barfield*, 298 N.C. 306, 339, 259 S.E.2d 510, 535 (1979), *cert. denied*, 448 U.S. 907, 100 S.Ct. 3050, 65 L.Ed. 2d 1137 (1980). Defendant concedes that her son was in "apparent control" of the premises and was the proper person upon whom to serve the warrant. Defendant argues, however, that the officers violated G.S. 15A-252 by conducting a limited search prior to serving the warrant. Defendant further contends that this violation was substantial so as to require suppression of the seized items under G.S. 15A-974(2).

The State's evidence on *voir dire* tended to show that the officers delayed in serving the warrant because they first made a cursory search of the premises to secure the individuals on the premises and to ensure that there were no threats to the officers' safety. The trial court, after weighing the credibility of the evidence, found that no "thorough search" occurred before the officers served the warrant on Mr. Jones. Although G.S. 15A-252 requires service of the warrant before "any search or seizure," we hold that the statute does not preclude a preliminary search of the premises to locate individuals and ensure the officers' safety.

General Statute 15A-252 must be construed with reference to other provisions of Chapter 15A relating to search warrants and, where possible, statutes dealing with the same subject matter must be harmonized to give effect to each. *See In re Brownlee*, 301 N.C. 532, 549, 272 S.E.2d 861, 871 (1981). An officer executing a search warrant is authorized by statute to detain persons present on the premises, G.S. 15A-256, and to frisk those present for weapons if he reasonably believes that there is a threat to the safety of himself or others. G.S. 15A-255. These provisions are clearly designed to enable officers to ensure their safety and to prevent possible suspects from fleeing or destroying evidence. *See State v. Watlington*, 30 N.C. App. 101, 226 S.E.2d 186, *disc. rev. denied and appeal dismissed*, 290 N.C. 666, 228 S.E.2d 457 (1976). To require officers to serve the warrant prior to taking the precautionary measures authorized by G.S. 15A-255 and 15A-256 would frustrate the purposes of the statutes. Accordingly, G.S. 15A-252 does not prevent officers from locating, detaining, or frisking individuals

on the premises prior to serving the warrant, and no violation occurred in this instance.

[3] Defendant next contends that the officers violated G.S. 15A-249 and 15A-251 when they forcibly entered the premises. General Statute 15A-249 requires officers executing search warrants to give appropriate notice of their identity and purpose prior to entering the premises. General Statute 15A-251 provides that officers may forcibly enter the premises if (i) they have given the notice required by G.S. 15A-249 and they reasonably believe that admittance is being denied or unreasonably delayed or that the premises are unoccupied, or (ii) they have probable cause to believe that the giving of notice would threaten the safety of any person. In this case, the trial court found as facts that the officers knocked on the door and announced their identity and purpose in a loud voice and, after waiting approximately one minute and receiving no response, they forcibly entered the premises. These findings are supported by competent evidence, and the facts found show compliance with G.S. 15A-249 and 15A-251. *See State v. Edwards*, 70 N.C. App. 317, 319-20, 319 S.E.2d 613, 615 (1984), *rev'd on other grounds*, 315 N.C. 304, 337 S.E.2d 508 (1985).

[4] Defendant also contends that the evidence obtained in the search must be excluded because the officers did not give a receipt for the seized items to defendant or her son as required by G.S. 15A-254. This argument is meritless. The record on appeal contains a copy of the inventory which indicates that it was tendered to defendant but she refused to acknowledge that she received it. The certified record on appeal is binding upon the appellate court. *State v. Dellinger*, 308 N.C. 288, 294, 302 S.E.2d 194, 197 (1983). The record contains no additional evidence or findings on this issue because defendant never raised it in her written or oral motions to suppress. Therefore, defendant waived her right to challenge the admissibility of evidence on this ground. *See State v. Satterfield*, 300 N.C. 621, 624-25, 268 S.E.2d 510, 513-14 (1980).

[5] Finally, defendant contends that the trial court failed to find that the officers had the warrant in their possession at the time of entry. There was a conflict in the evidence on this point because defendant's witnesses testified that the officers entered at approximately 2:30 p.m., one hour prior to the time the warrant was issued. Under G.S. 15A-977(f), the trial court was required to make findings to resolve the conflict. *State v. Barfield*, 298 N.C. at 339,

259 S.E.2d at 535. The court found that Lieutenant Bratton was present when the warrant was issued, he executed the warrant "shortly thereafter," and there was no search of the premises before the officers arrived "at sometime after 3:35 p.m." These findings are supported by competent evidence and are minimally sufficient to establish that the officers had the warrant in their possession when they entered the premises. Accordingly, the trial court did not err in denying defendant's motion to suppress the evidence obtained as a result of the search.

## II.

Several of defendant's assignments of error concern the disposition of the currency seized in the search of her residence and the admission of testimony and photographs to prove the existence of the currency. Defendant's principal contention is that evidence concerning the currency was inadmissible because the officers improperly disposed of the currency in violation of G.S. 15A-258. Defendant also contends that she is entitled to have the currency returned, that photographs of the currency were improperly admitted without a proper foundation, and that the State's failure to produce the currency at trial violated her constitutional right to confront the witnesses against her as guaranteed by the sixth amendment to the United States Constitution and article I, section 23 of the North Carolina Constitution.

The question of whether defendant is entitled to have the currency returned to her is not properly before this Court. The only information concerning the disposition of the currency in the record on appeal is Detective Phillips' testimony that the currency was released to the Federal Drug Enforcement Administration for forfeiture proceedings. Because there is nothing in the record to show the final disposition of the currency, this Court cannot rule on the matter. *See State v. Hilton*, 271 N.C. 456, 156 S.E.2d 833 (1967). Defendant's arguments based upon the State forfeiture statute, G.S. 90-112(a)(2), are irrelevant because the record shows no State forfeiture proceedings. Furthermore, there is nothing in the record to show that defendant made any attempt to have the currency returned to her, and this Court will not consider issues not raised and ruled upon in the court below. *State v. Smith*, 50 N.C. App. 188, 190, 272 S.E.2d 621, 623 (1980).

[6] Defendant contends that evidence concerning the currency was inadmissible because the officers released the currency to federal

officials in violation of G.S. 15A-258. Detective Phillips testified that he did not obtain a court order to release the currency. General Statute 15A-258 provides:

> Property seized shall be held in the custody of the person who applied for the warrant, or of the officer who executed it, or of the agency or department by which the officer is employed, or of any other law-enforcement agency or person for purposes of evaluation or analysis, upon condition that upon order of the court the items may be retained by the court or delivered to another court.

Contrary to defendant's contentions, the statute does not require that a court order be obtained prior to any release of seized property, and it expressly authorizes property to be held by any law-enforcement agency. Therefore, the release of the currency to the Federal Drug Enforcement Administration did not violate G.S. 15A-258. Even if a violation did occur, evidence of the currency would not be excludable on that ground because the evidence would not have been "obtained as a result of" a violation of the statute. G.S. 15A-974(2); *State v. Richardson*, 295 N.C. 309, 322-23, 245 S.E.2d 754, 763 (1978).

[7, 8] Defendant's remaining arguments concerning the admissibility of evidence of the currency have been previously considered and rejected by this Court under virtually identical circumstances. *State v. Alston*, 91 N.C. App. 707, 712-13, 373 S.E.2d 306, 310-11 (1988). In *Alston*, as in this case, the defendant challenged the admissibility of testimony and photographs to prove that large amounts of currency had been seized from the premises on the grounds that the State failed to produce the currency at trial. We first noted that G.S. 15-11.1 authorizes substitute evidence of seized property so long as the defendant does not suffer prejudice. *State v. Alston*, 91 N.C. App. at 712, 373 S.E.2d at 310. In this case, the defendant testified that she owned the currency in question, so no possible prejudice could have resulted from the admission of other evidence concerning the currency. We also held in *Alston* that the State and federal constitutional rights to confront witnesses do not apply to physical evidence. *Id.* at 712, 373 S.E.2d at 311. Finally, we held that photographs of the currency were admissible to illustrate the testimony of an officer who indicated that the photographs were a fair and accurate representation of what he had observed. *Id.* at 713, 373 S.E.2d at 311. The photographs in this case were

admitted under similar circumstances for illustrative purposes. Although defendant contends that the photographs were admitted as substantive evidence, she did not request a limiting instruction and, therefore, the failure to give such an instruction is not reversible error. *Id.*

Accordingly, we find no reversible error in the trial court's admission of evidence concerning the currency seized from the premises.

### III.

**[9]** Defendant next assigns error to the admission of evidence concerning her testimony in a prior proceeding. Lieutenant Bratton testified that defendant had previously testified that the apartment where the search was conducted was her residence and that she lived there alone. Defendant contends that this testimony was irrelevant and inadmissible hearsay evidence.

Defendant's arguments are meritless. Evidence of defendant's prior statements is not inadmissible hearsay because the statements are admissions of a party-opponent. Rule 801(d)(A), N.C. Rules Evid.; *State v. Nichols*, 321 N.C. 616, 631, 365 S.E.2d 561, 570 (1988). Defendant contends that the evidence is irrelevant because it does not specifically show that she resided at the apartment at the precise time that the search occurred. Under Rule 401 of the N.C. Rules of Evidence, evidence is relevant if it has any logical tendency, however slight, to prove a fact in issue. *State v. Wingard*, 317 N.C. 590, 597, 346 S.E.2d 638, 644 (1986). The evidence in question clearly meets this test. Furthermore, defendant could not have been prejudiced by any error in admitting the evidence because she testified at trial that she resided alone in the apartment at the time of the search.

### IV.

Defendant next contends that the trial court erred in denying her motions to dismiss the charges against her for insufficient evidence. Defendant has assigned error to the denial of her motions made at the close of the State's evidence and at the close of all the evidence. By offering evidence following the denial of her motion at the close of the State's evidence, defendant waived that motion and, therefore, only her motion at the close of all the evidence is reviewable on appeal. *State v. Bruce*, 315 N.C. 273, 280, 337 S.E.2d 510, 515 (1985). The motion to dismiss was properly denied

if there was substantial evidence of each essential element of the offenses charged and of defendant's being the perpetrator of the offenses. *Id.* at 281, 337 S.E.2d at 515. For purposes of a motion to dismiss, the evidence must be viewed in the light most favorable to the State and the State is entitled to the benefit of all reasonable inferences that may be drawn from the evidence. *Id.* The defendant's evidence is considered to the extent that it is favorable to the State. *State v. Earnhardt*, 307 N.C. 62, 67, 296 S.E.2d 649, 653 (1982).

[10] We first consider the sufficiency of the evidence to support the charge of trafficking in cocaine by possession of 28 grams or more but less than 200 grams. The State's evidence tended to show that over 50 grams of cocaine were discovered in defendant's residence. Defendant testified that she did not own the drugs or know of their presence in her apartment. Although the evidence does not show that defendant was in actual possession of the drugs, the evidence is sufficient to support the charge if it establishes constructive possession. *State v. Perry*, 316 N.C. 87, 96, 340 S.E.2d 450, 456 (1986). Constructive possession may be inferred from evidence showing that drugs are found on premises under the defendant's control. *State v. McLaurin*, 320 N.C. 143, 146, 357 S.E.2d 636, 638 (1987). Where the defendant's control of the premises is not exclusive, however, constructive possession may not be inferred in the absence of other incriminating circumstances. *Id.*

The evidence in this case shows that defendant was the only resident of the apartment where the drugs were found. Because there were several other individuals on the premises, however, we shall accept for purposes of argument defendant's contention that her control of the premises was not exclusive. Nevertheless, there was sufficient evidence of other incriminating circumstances to support the charge of trafficking by possession.

Almost all of the drugs were discovered in an upstairs bedroom of the apartment which was locked when the officers arrived. Defendant was in the bedroom at that time, and she hid in the closet when the officers began their search. The police discovered some of the drugs in plastic bags in plain view on top of a cabinet in the room. Other plastic bags containing cocaine were discovered under the bed. There was approximately $4,000.00 in currency in plain view on the cabinet, and approximately $17,000.00 in currency in a locked compartment of the cabinet. Defendant testified that

she owned the currency, she owned the keys to the locked compartment, and she kept the bedroom locked and did not allow anyone to enter it. These circumstances were sufficient to permit the jury to infer that defendant had constructive possession of the cocaine. *See State v. Alston*, 91 N.C. App. at 710-11, 373 S.E.2d at 309-10, *State v. Rich*, 87 N.C. App. 380, 382-83, 361 S.E.2d 321, 323-24 (1987).

**[11, 12]** The evidence was also sufficient to support the charge of possession with intent to sell or deliver because it shows that a large amount of cocaine packaged in numerous bags, packaging materials, and large amounts of currency were found on the premises. *See State v. Alston*, 91 N.C. App. at 711, 373 S.E.2d at 310; *State v. Rich*, 87 N.C. App. at 383, 361 S.E.2d at 323. Similarly, the evidence is sufficient to support the charge of manufacturing cocaine under G.S. 90-95(a)(1). As used in the statute, the term "manufacture" includes packaging or repackaging a substance. G.S. 90-87(15). In addition to the cocaine and packaging materials, the police also discovered a small set of scales, measuring spoons, and sifters on the premises. This evidence permitted the jury to infer that defendant packaged or repackaged the cocaine. *See State v. Perry*, 316 N.C. at 98-99, 340 S.E.2d at 457-58. The evidence in support of the charges of trafficking, possession with intent to sell and deliver, and manufacturing also supports the charge of intentionally keeping or maintaining a dwelling for the purpose of keeping or selling a controlled substance when it is combined with defendant's admission that she maintained the apartment as her residence. *See State v. Rich*, 87 N.C. App. at 384, 361 S.E.2d at 324.

Therefore, the trial court properly denied defendant's motion to dismiss the charges against her for insufficient evidence.

## V.

**[13]** Defendant's final contention is that she was denied her right to effective assistance of counsel as guaranteed by the sixth amendment to the United States Constitution and article I, sections 19 and 23 of the North Carolina Constitution. Under both the State and federal constitutions, a defendant claiming ineffective assistance of counsel must show that (i) counsel's performance fell below an objective standard of reasonableness and (ii) counsel's errors were so serious that they deprived the defendant of a fair trial. *State v. Moorman*, 320 N.C. 387, 399, 358 S.E.2d 502, 509-10 (1987). There must be a reasonable probability that, absent counsel's deficient

performance, the result at trial would have been different. *Id.* at 399, 358 S.E.2d at 510.

In this case, defendant does not contend that her counsel erred in any particular respect; she merely argues that "defense counsel failed throughout the trial to present evidence and cross examine witness [sic] in a sufficient manner." This argument is clearly inadequate to support a claim of ineffective assistance of counsel. Defendant does not indicate what evidence counsel failed to present or what matters he failed to inquire into on cross-examination. Our review of the record reveals that counsel vigorously opposed the admission of evidence damaging to his client's defense and he could do little else in view of the strength of that evidence. There are no grounds for a new trial when the record and the defendant's arguments on appeal fail to indicate that trial counsel could have taken any legitimate action that would have produced a different result. *State v. Mathis*, 293 N.C. 660, 672, 239 S.E.2d 245, 253 (1977). Accordingly, we find that defendant in this case was not denied her constitutional right to effective assistance of counsel.

For the foregoing reasons, we find that defendant received a fair trial free of reversible error.

No error.

Judges WELLS and PHILLIPS concur.