STATE OF NORTH CAROLINA
v.
ANSEL PIERRE STREET.
No. COA07-213
Court of Appeals of North Carolina.
Filed November 20, 2007
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Gary A. Scarzafava, for the State.
McAfee Law, P.A., by Robert J. McAfee, for Defendant.
STEPHENS, Judge.
On 17 December 2004, Sheriff's deputies in Montgomery County conducted an undercover drug buy at a mobile home owned by Joanne Street, a 60-70-year-old female relative of Defendant Ansel Pierre Street ("Defendant"). Both Defendant and Joanne Street lived at the mobile home. As Deputy Talmedge LeGrand ("LeGrand") approached the mobile home to make the purchase, he saw an unknown man who "was there to buy" standing on the back porch. On the porch, LeGrand asked "just of anybody" if he could buy "100 dollars worth of hard."[1] After he made his request, a 30-35-year-old woman came out of the mobile home, and LeGrand repeated his request. Thewoman went back inside, and, a few minutes later, Defendant emerged from within. LeGrand again repeated his request for "100 dollars worth of hard." Defendant went back inside the mobile home, and, a few minutes later, the woman emerged and handed LeGrand five crack cocaine rocks. LeGrand gave the woman a one-hundred dollar bill. Defendant was standing on the porch at the time of the transaction, having re-emerged from the mobile home just before the woman came out with the drugs. After LeGrand "purchased the drugs from the . . . female subject," LeGrand left the back porch and walked toward his car. Defendant said to LeGrand: "Nice doing business with you. Come back again."
On 21 December 2004, Montgomery County Sheriff's deputies searched the mobile home pursuant to a search warrant obtained that day. Part of the basis for obtaining the search warrant was that undercover drug purchases had been made from the residence on five occasions between November 2002 and February 2003, in addition to the purported purchase made on 17 December 2004. When the warrant was executed, Defendant, Joanne Street, and Yolanda Street, another relative of Defendant, were in the mobile home's kitchen. While the warrant was being executed, a fourth relative entered the residence. In an unlabelled, brown pill bottle on top of a microwave in the kitchen, the deputies found 2.6 grams of crack cocaine. A search incident to arrest revealed fifty dollars in cash on Defendant's person: seven five-dollar bills and fifteen one-dollar bills. Defendant was tried 3-4 May 2006. After the jury was selected, defense counsel alerted the trial court that Defendant was "concerned that [defense counsel has] been paid off by the State." The trial court questioned Defendant about his concerns. Defendant said he was not "comfortable" with defense counsel because he felt there was a "conflict." When asked to be more specific, Defendant said he and defense counsel were not "seeing eye to eye" and that he was concerned that defense counsel was court-appointed. The trial court denied Defendant's request for a new attorney.
The jury convicted Defendant of one count of delivering cocaine and one count of possession with intent to sell or deliver cocaine for the events of 17 December 2004, and one count of possession with intent to sell or deliver cocaine for the events of 21 December 2004. After the jury returned its verdicts, Defendant pled guilty to having obtained the status of an habitual felon. The trial court consolidated all charges for sentencing and sentenced Defendant to 133 to 169 months in prison. On appeal, Defendant argues the trial court erred (1) in insufficiently inquiring into the basis of Defendant's motion for new counsel and in refusing to appoint new counsel, and (2) in denying Defendant's motion to dismiss the charges against him for insufficiency of the evidence.

I. MOTION FOR NEW COUNSEL
"The decision to substitute counsel rests solely in the discretion of the trial court." State v. Morgan, 359 N.C. 131,146, 604 S.E.2d 886, 895 (2004) (citing State v. Robinson, 290 N.C. 56, 66, 224 S.E.2d 174, 180 (1976)), cert. denied, 546 U.S. 830, 163 L. Ed. 2d 79 (2005). "A trial court is constitutionally required to appoint substitute counsel whenever representation by counsel originally appointed would amount to denial of defendant's right to effective assistance of counsel[.]" State v. Thacker, 301 N.C. 348, 352, 271 S.E.2d 252, 255 (1980) (citations omitted). However,
[t]he constitutional right of an indigent defendant in a criminal action to have the effective assistance of competent counsel, appointed by the court to represent him, does not include the right to insist that competent counsel, so assigned and so assisting him, be removed and replaced with other counsel merely because the defendant has become dissatisfied with his services.
Robinson, 290 N.C. at 65-66, 224 S.E.2d at 179.
Thus, when it appears to the trial court that the original counsel is reasonably competent to present defendant's case and the nature of the conflict between defendant and counsel is not such as would render counsel incompetent or ineffective to represent that defendant, denial of defendant's request to appoint substitute counsel is entirely proper. Thacker, 301 N.C. at 352, 271 S.E.2d at 255 (emphasis original). The trial court should conduct a hearing to fulfill its obligation "to inquire into defendant's reasons for wanting to discharge his attorneys and to determine whether those reasons were legally sufficient to require the discharge of counsel." State v. Hutchins, 303 N.C. 321, 335, 279 S.E.2d 788, 797 (1981).
Having reviewed the transcript in this case, we disagree with Defendant's contention that the trial court "did not sufficiently inquire into [D]efendant's dissatisfaction with counsel[.]" On the contrary, the trial court conducted a thorough inquiry into the matter, giving Defendant ample opportunity to express his concerns. Defendant's contention is without merit.
Moreover, we discern no abuse of discretion in the trial court's ruling. During the trial court's inquiry into Defendant's concerns, defense counsel stated: "I have researched the case law. I've examined the files. I've spoken at length with [Defendant]. . . . I'm prepared." Additionally, the trial court described defense counsel as "very experienced and well respected[.]" After the inquiry, the court found: (1) Defense counsel was appointed 29 December 2004; (2) Defendant waited until immediately before trial began on 3 May 2006 to raise any concerns about defense counsel; (3) The only reasons Defendant articulated as to why he should be appointed new counsel were that he was not comfortable with his attorney, they were not seeing eye-to-eye, and his attorney was court-appointed and paid by the State. These findings are presumed supported by competent evidence and are binding on appeal. State v. Taylor, 155 N.C. App. 251, 574 S.E.2d 58 (2002). The trial court did not abuse its discretion in refusing to appoint substitute counsel. See State v. Prevatte, 356 N.C. 178, 216, 570 S.E.2d 440, 461 (2002) ("When a defendant makes a motion for new counsel, if it appears the present attorney is reasonably competent and there is no conflict between attorney and client that renders the attorney incompetent, the motion for new counsel must be denied.") (citing State v. Anderson, 350 N.C. 152,167, 513 S.E.2d 296, 305-06 (1999)), cert. denied, 538 U.S. 986, 155 L. Ed. 2d 681 (2003). Defendant's argument is overruled.

II. SUFFICIENCY OF THE EVIDENCE
Upon a defendant's motion to dismiss for insufficiency of the evidence,
the trial court must determine "whether there is substantial evidence of each essential element of the offense charged and of the defendant being the perpetrator of the offense." State v. Crawford, 344 N.C. 65, 73, 472 S.E.2d 920, 925 (1996); see also State v. Smith, 357 N.C. 604, 615, 588 S.E.2d 453, 461 (2003). "Substantial evidence" is relevant evidence that a reasonable person might accept as adequate, State v. Squires, 357 N.C. 529, 535, 591 S.E.2d 837, 841 (2003), or would consider necessary to support a particular conclusion, State v. Vick, 341 N.C. 569, 583-84, 461 S.E.2d 655, 663 (1995). A "substantial evidence" inquiry examines the sufficiency of the evidence presented but not its weight. State v. Sokolowski, 351 N.C. 137, 143, 522 S.E.2d 65, 69 (1999). The reviewing court considers all evidence in the light most favorable to the State, and the State receives the benefit of every reasonable inference supported by that evidence. Squires, 357 N.C. at 535, 591 S.E.2d at 841. Evidentiary "[c]ontradictions and discrepancies are for the jury to resolve and do not warrant dismissal." State v. Gibson, 342 N.C. 142, 150, 463 S.E.2d 193, 199 (1995). Finally, sufficiency review "is the same whether the evidence is circumstantial or direct, or both." State v. Jones, 303 N.C. 500, 504, 279 S.E.2d 835, 838 (1981).
State v. Garcia, 358 N.C. 382, 412-13, 597 S.E.2d 724, 746 (2004), cert. denied, 543 U.S. 1156, 161 L. Ed. 2d 122 (2005).

A. 17 December 2004
Defendant contends the trial court erred in denying his motion to dismiss the charges of possession with intent to sell or deliver cocaine and delivering cocaine for the 17 December 2004 transaction. Defendant does not dispute that the State presented substantial evidence, as to the woman, of each essential element of the offenses charged. That is, the State presented substantial evidence that the woman possessed crack cocaine with the intent to sell or deliver it and that the woman delivered crack cocaine to LeGrand. See N.C. Gen. Stat. § 90-95(a)(1) (2003) (listing elements of the offenses). Defendant contends, however, that the State's "legal theory" of Defendant's guilt was insufficient to take the charges to the jury. We disagree.
For the 17 December 2004 transaction, the State was proceeding against Defendant under an acting in concert theory. Under this theory,
[i]f "two persons join in a purpose to commit a crime, each of them, if actually or constructively present, is not only guilty as a principal if the other commits that particular crime, but he is also guilty of any other crime committed by the other in pursuance of the common purpose . . . or as a natural or probable consequence thereof."
State v. Barnes, 345 N.C. 184, 233, 481 S.E.2d 44, 71 (quoting State v. Erlewine, 328 N.C. 626, 637, 403 S.E.2d 280, 286 (1991)), cert. denied, 522 U.S. 876, 139 L. Ed. 2d 134 (1997), and cert. denied, 523 U.S. 1024, 140 L. Ed. 2d 473 (1998).
Viewing the evidence in the light most favorable to the State, as we must, the State presented substantial evidence that Defendant and the woman joined in a common purpose to commit the crimes and that Defendant was actually present when the crimes were committed. The sequence of events between LeGrand's initial request to the woman and the woman's delivery of the crack cocaine to LeGrand constitutes evidence of a common purpose. Notably, the woman delivered the crack cocaine to LeGrand after LeGrand made his request to Defendant and after the woman and Defendant were then inside the mobile home together. Moreover, Defendant's statement to LeGrand that it was "[n]ice doing business" with him constitutes substantial evidence that Defendant was engaged in a common plan with the woman to possess and deliver the crack cocaine. Defendant's statement evinces a knowledge of and a participation in the common purpose. Finally, Defendant was actually present when the crimes were committed, as he was standing on the back porch when the transfer was made. The State presented substantial evidence that Defendant and the woman were engaged in a common purpose to commit the crimes. Accordingly, Defendant's argument is overruled.

B. 21 December 2004
Defendant also contends the trial court erred in denying his motion to dismiss the charge of possession with intent to sell or deliver for the events of 21 December 2004, the day the search warrant was executed. Although the State was required to present substantial evidence of both Defendant's possession of the cocaine and his intent to sell or deliver it, N.C. Gen. Stat. § 90-95(a)(1), Defendant argues "[t]he sole issue underlying [D]efendant's motion as regards the charges from December 21 has to do with constructive possession of the cocaine[.]" As Defendant contends, his conviction for possession with intent to sell or deliver the crack cocaine discovered pursuant to the search warrant was based on the theory of constructive possession. "Constructive possession exists when a person, while not having actual possession, has the intent and capability to maintain control and dominion over a controlled substance." State v. Williams, 307 N.C. 452, 455, 298 S.E.2d 372, 374 (1983) (citations omitted). "[C]onstructive possession depends on the totality of the circumstances in each case." State v. James, 81 N.C. App. 91, 93, 344 S.E.2d 77, 79 (1986). "No single factor controls, but ordinarily the question will be for the jury." Id. (citations omitted). "'Where such materials are found on the premises under the control of an accused, this fact, in and of itself, gives rise to an inference of knowledge and possession which may be sufficient to carry the case to the jury on a charge of unlawful possession.'" State v. Matias, 354 N.C. 549, 552, 556 S.E.2d 269, 270-71 (2001) (quoting State v. Harvey, 281 N.C. 1, 12, 187 S.E.2d 706, 714 (1972)). "However, unless the person has exclusive possession of the place where the narcotics are found, the State must show other incriminating circumstances before constructive possession may be inferred." State v. Davis, 325 N.C. 693, 697, 386 S.E.2d 187, 190 (1989) (citation omitted).
Since the evidence shows that Defendant did not have exclusive possession of the mobile home, the issue is whether the evidence disclosed other incriminating circumstances sufficient for the jury to find that Defendant had constructive possession of the crackcocaine found in the pill bottle. Viewing the evidence in a light most favorable to the State, we conclude that the evidence was insufficient to go to the jury on this issue.
The mobile home was owned by Joanne Street, and Joanne Street lived in the mobile home along with Defendant. Thus, it cannot be said that the mobile home was under Defendant's control. While the discovery of Defendant in close proximity to the drugs can be incriminating, the discovery of two other people equal in proximity to the drugs mitigates this circumstance. State v. Alston, 91 N.C. App. 707, 373 S.E.2d 306 (1988). Also, while the presence of a large amount of cash can be an incriminating circumstance,see id. (finding an incriminating circumstance where the defendant was found with more than $10,000.00 in cash on his person), we do not think fifty dollars incriminates Defendant in the possession of the pill bottle in this case, although arguably it shows an intent to sell or deliver. Similarly, we do not think the prior sales  all but one of which were completed more than one and a half years before the discovery of the drugs in the mobile home  incriminates Defendant in the possession of drugs. The State does not direct our attention to any authority that stands for such a proposition, and we have found none in our research.
Finally and importantly, nothing in the evidence links Defendant to the drugs in the pill bottle. The pill bottle was not labeled in Defendant's name, and there was no evidence that any of Defendant's personal items were found around the pill bottle. See State v. Autry, 101 N.C. App. 245, 399 S.E.2d 357 (1991) (finding constructive possession where two of four items on or near a table on which cocaine was found belonged to the defendant). Additionally, there was no evidence that Defendant had any knowledge of the presence of the drugs in the bottle. The pill bottle was brown, not clear, and one of the deputies agreed that "it would be difficult by just holding up the bottle . . . to determine what was in [it]." In sum, the evidence does nothing more than create "suspicion or conjecture" that Defendant possessed the drugs in the bottle. State v. Malloy, 309 N.C. 176, 179, 305 S.E.2d 718, 720 (1983).
In light of the totality of the circumstances, the trial court erred in denying Defendant's motion to dismiss the charge of possession with intent to sell or deliver for the events of 21 December 2004, and its order denying Defendant's motion on that charge is reversed.
NO ERROR IN PART, REVERSED IN PART.
Judges McCULLOUGH and CALABRIA concur.
Report per Rule 30(e).
NOTES
[1] LeGrand testified that "hard" is a synonym for crack cocaine.