STATE OF NORTH CAROLINA v. TYWUAN DANNELL GREEN

No. COA00-1165

(Filed 6 November 2001)

**Search and Seizure— motion to suppress—drugs—plain view**

The trial court did not err in a possession with intent to sell and deliver a controlled substance case by denying defendant's motion to suppress drug evidence which resulted in defendant's guilty plea in a situation where an officer inadvertently discovered a plastic baggie of drugs on defendant's body when defendant raised his arms in response to the officer's ordering defendant to remove his hands from his front pants pocket for safety reasons, because the totality of circumstances reveals that: (1) the officer saw in plain view approximately two inches of a plastic baggie sticking out of defendant's pants; (2) the officer testified that before seizing the baggie, he believed it contained a controlled substance since that is the way the officer finds it packaged every day, he saw the same packaging of narcotics in his narcotics classes, plus he had made numerous drug arrests

with the same type bags; (3) the officer testified he observed in the baggie a green vegetable material which he recognized as marijuana based on his education, experience, and training; (4) the officer had probable cause to seize the baggie from defendant's pants, regardless of whether defendant consented to a search when he raised his arms, since the raising of defendant's arms brought the plastic baggie into the officer's plain view; and (5) the officer came upon defendant late at night in an area known for drug activity and at a particular intersection known for drug transactions and arrests.

Appeal by defendant from judgment entered 15 March 2000 by Judge Benjamin G. Alford in Wayne County Superior Court. Heard in the Court of Appeals 12 September 2001.

*Attorney General Roy A. Cooper, III, by Special Deputy Attorney General George W. Boylan, for the State.*

*Adrian M. Lapas for defendant-appellant.*

HUNTER, Judge.

Tywuan Dannell Green ("defendant") appeals the trial court's denial of his motion to suppress, resulting in his plea of guilty to one count of possession with intent to sell and deliver a controlled substance. We affirm the trial court's denial of defendant's motion to suppress.

The evidence presented during the hearing of defendant's motion to suppress tended to establish the following. On 3 July 1999, Sergeant Steve Mozingo ("Sgt. Mozingo"), of the Wayne County Sheriff's Department, was on routine patrol as a member of the department's Aggressive Criminal Enforcement Unit designed to control street narcotics. At approximately 11:30 p.m., Sgt. Mozingo and another officer were patrolling an area of known drug activity in their patrol car. As the officers approached an intersection where drug transactions are common and arrests are routinely made, they observed three people congregated at the intersection.

Sgt. Mozingo testified that as he approached the three in his patrol car, he observed defendant bend down as though setting something on the ground. Defendant then began to walk away from where he had been standing. Sgt. Mozingo noticed a beer bottle on the ground near where defendant had been standing. The bottle was lying

on its side, and beer was flowing out of the bottle. Sgt. Mozingo exited his vehicle and asked defendant to return to where the beer bottle lay. Sgt. Mozingo testified that he wanted to verify defendant was not engaged in underage drinking, since defendant appeared to be under twenty-one years of age.

As defendant turned to face Sgt. Mozingo, he placed his right hand into his front pants pocket. Sgt. Mozingo requested defendant remove his hand for safety reasons, and defendant complied. Sgt. Mozingo asked defendant his age, to which defendant replied he was twenty-two years old. Sgt. Mozingo requested verification of defendant's age. Defendant responded that his identification was in his vehicle parked nearby. Sgt. Mozingo asked defendant what he had placed in his front pants pocket. Defendant responded, "[n]othing." Sgt. Mozingo then asked defendant if he would consent to a pat down. Defendant replied, "I ain't got nothing," and raised his hands above his head. As defendant raised his arms, his shirt rose above his waistband, revealing approximately two inches of a plastic baggie sticking out of his pants pocket. Sgt. Mozingo testified that based on his "prior experience and training, and knowing how drugs are packaged, [he] retrieved it and found [] green vegetable matter which appeared to . . . be marijuana."

Sgt. Mozingo went to retrieve his citation book from his patrol car, whereupon Corporal Mack Stapps ("Corporal Stapps") monitored defendant. Corporal Stapps observed defendant adjusting his jaw as though he had something in his mouth. Corporal Stapps asked defendant what was in his mouth. Defendant responded that he did not have anything in his mouth, whereupon Corporal Stapps observed "several dark looking objects with white specks in them." Corporal Stapps requested that defendant spit out the objects, and defendant complied. Defendant spit out several green-colored baggies containing what Corporal Stapps observed to be crack cocaine.

Defendant introduced evidence from Dana Lamb ("Lamb"), who testified that she was an eye-witness to the interaction between defendant and the officers. Lamb testified that the officers were "harassing" defendant, that defendant never raised his arms above his head, and that the officers searched defendant without his consent.

At the close of the evidence, the trial court entered an order denying defendant's motion to suppress the drug evidence. Following the denial of his motion, defendant entered a guilty plea to one count of

possession with intent to sell and deliver cocaine in violation of N.C. Gen. Stat. § 90-95(a)(1) (1999). Defendant was sentenced to a minimum of six months' and a maximum of eight months' imprisonment. Defendant appeals the denial of his motion to suppress pursuant to N.C. Gen. Stat. § 15A-979(b) (1999).

Defendant argues: (1) the trial court's findings of fact were not supported by the evidence; and (2) the trial court erred in denying the motion to suppress because Sgt. Mozingo lacked probable cause to seize the plastic baggie protruding from defendant's pants.

Defendant first argues that the trial court's finding of fact number eleven is unsupported by the evidence presented at the hearing. The trial court found as follows:

10. At that time [that defendant raised his hands] Sgt. Mozingo saw in plain view a plastic baggie commonly used for wrapping sandwiches, and also, according to his education and experience, is used for the packaging and re-packaging of controlled substances, in particular marijuana.

11. Sgt. Mozingo further testified that this baggie appeared to have some green vegetable material in it, which his education and training indicated to him to be marijuana.

Defendant argues that it is implicit in finding of fact number eleven that Sgt. Mozingo observed the marijuana-like substance in the baggie while the baggie was still protruding from defendant's pants and prior to its seizure. Sgt. Mozingo's testimony at the suppression hearing established that he did not observe the marijuana-like substance until he had removed the baggie from defendant's pants.

Although the trial court's findings of fact could be more clear as to when Sgt. Mozingo observed the marijuana-like substance, finding of fact number eleven is clearly supported by the evidence. Sgt. Mozingo did testify that he observed in the baggie a green vegetable material which he recognized as marijuana based on his education, experience and training. We decline to draw implications from the trial court's finding beyond its plain words.

Defendant next argues that the trial court erred in denying his motion to suppress because Sgt. Mozingo did not have probable cause to seize the baggie from defendant's pants. We disagree. "[I]n evaluating a trial court's ruling on a motion to suppress . . . the trial court's findings of fact " 'are conclusive on appeal if supported by competent

evidence, even if the evidence is conflicting." ' " *State v. Buchanan*, 353 N.C. 332, 336, 543 S.E.2d 823, 826 (2001) (quoting *State v. Brewington*, 352 N.C. 489, 498, 532 S.E.2d 496, 501 (2000), *cert. denied*, 531 U.S. 1165, 148 L. Ed. 2d 992 (2001) (citation omitted)). Having determined the challenged finding of fact is supported by competent evidence, we address whether the findings of fact support the denial of defendant's motion to suppress.

The State argues that Sgt. Mozingo had the right to seize the plastic baggie from defendant's pants because defendant consented to a search when he raised his arms. Regardless of whether defendant consented to a search, the raising of his arms brought the plastic baggie into Sgt. Mozingo's plain view. We hold that Sgt. Mozingo's seizure of the plastic baggie was justified under the "plain view" exception to the Fourth Amendment. Under this doctrine,

> police may seize contraband or evidence if (1) the officer was in a place where he had a right to be when the evidence was discovered; (2) the evidence was discovered inadvertently; and (3) it was immediately apparent to the police that the items observed were evidence of a crime or contraband.

*State v. Graves*, 135 N.C. App. 216, 219, 519 S.E.2d 770, 772 (1999) (citing *State v. Mickey*, 347 N.C. 508, 495 S.E.2d 669, *cert. denied*, 525 U.S. 853, 142 L. Ed. 2d 106 (1998)).

Defendant concedes the evidence presented was sufficient to satisfy the first two prongs of the plain view doctrine. Sgt. Mozingo had the right to briefly detain defendant for questioning as to whether defendant was involved in underage drinking. Moreover, Sgt. Mozingo's discovery of the plastic baggie was not the result of any deliberate search. The baggie was revealed inadvertently when defendant raised his arms. We therefore focus only on the requirement that it was immediately apparent to Sgt. Mozingo that the plastic baggie was evidence of a crime or contraband.

Our courts have defined the term "immediately apparent" as being satisfied where " ' ". . . the police have probable cause to believe that what they have come upon is evidence of criminal conduct." ' " *Graves*, 135 N.C. App. at 219, 519 S.E.2d at 772 (quoting *State v. Wilson*, 112 N.C. App. 777, 782, 437 S.E.2d 387, 389-90 (1993) (citation omitted)). " 'Probable cause exists where the "facts and circumstances within their [the officers'] knowledge . . . [are] sufficient in themselves to warrant a man of reasonable caution in the belief that"

an offense has been or is being committed.' " *Id.* (quoting *State v. Zuniga*, 312 N.C. 251, 261, 322 S.E.2d 140, 146 (1984) (citation omitted)). " 'The circumstances leading to [a] seizure "should be viewed as a whole through the eyes of a reasonable and cautious police officer on the scene, guided by his experience and training." ' " *Id.* (quoting *State v. Hendrickson*, 124 N.C. App. 150, 155, 476 S.E.2d 389, 392 (1996) (citation omitted)).

In *State v. Briggs*, 140 N.C. App. 484, 536 S.E.2d 858 (2000), this Court recently addressed the "immediately apparent" requirement within the context of the plain feel doctrine. In that case, the defendant was stopped in his vehicle at a routine license checkpoint. *Id.* at 486, 536 S.E.2d at 859. In conducting a pat-down search for weapons, the officer felt a cylindrical shape in defendant's pocket that appeared to be a cigar holder. *Id.* at 487, 536 S.E.2d at 859. Knowing that cigar holders are frequently used to store controlled substances, the officer removed and opened the cigar holder from defendant's pocket, revealing several rocks of crack cocaine. *Id.*

This Court noted that there exists a split of authority among states as to whether containers themselves can be immediately apparent as contraband. *Id.* at 489-90, 536 S.E.2d at 861-62. We further noted prior case law from this State fails to fall neatly into either category. *Id.* at 491, 536 S.E.2d at 862. We therefore determined the best approach for analyzing the issue is a totality of the circumstances inquiry. *Id.* at 493, 536 S.E.2d at 863. We stated that the determination of probable cause in such instances "does not require hard and fast certainty by an officer, but involves more of a common-sense determination. . . . [T]hat involves considering the evidence as understood by those versed in the field of law enforcement under the circumstances then existing." *Id.*

In reviewing the totality of the circumstances in that case, we considered evidence that the defendant was stopped late at night and in a high crime area; the officer recognized the defendant as someone who had previously been arrested for a drug offense; the officer smelled cigar fumes in the defendant's car, which he believed to be masking the smell of drugs; the defendant's eyes were red and glassy; and the officer's experience made him aware that cigar holders are commonly used to store controlled substances. *Id.* at 493-94, 536 S.E.2d at 863-64. We concluded the officer "had sufficient information to warrant a person of reasonable caution in the belief that the item he detected contained contraband." *Id.* at 494, 536 S.E.2d at 864.

STATE v. GREEN

[146 N.C. App. 702 (2001)]

In the present case, Sgt. Mozingo came upon defendant late at night in an area known for drug activity and at a particular intersection known for drug transactions and arrests. Defendant and two other people were congregated at the intersection. As the officers approached, defendant bent down, then began to walk away from the intersection. When asked by Sgt. Mozingo to return to where he had been standing, defendant immediately placed his hand in his front pants pocket, requiring that Sgt. Mozingo order him to remove his hand for safety reasons. When defendant later raised his arms, Sgt. Mozingo saw in plain view approximately two inches of a plastic baggie. Sgt. Mozingo testified that before seizing the baggie, he believed it contained a controlled substance because "[t]hat's the way we find it packaged every day, in clear plastic bags. I've been through several narcotics classes and they show us the packaging of narcotics; plus numerous arrests made using the same type bags."

Upon review of the totality of the circumstances, we hold the evidence sufficient to satisfy the third prong of the plain view doctrine, that it was immediately apparent to Sgt. Mozingo that the plastic baggie was evidence of a crime or contraband. The plastic baggie containing marijuana was properly admitted into evidence, and the trial court did not err in denying defendant's motion to suppress. We therefore need not address defendant's additional argument that the cocaine baggies recovered from his mouth must also be suppressed as "fruit of the poisonous tree."

Affirmed.

Judges WYNN and TYSON concur.