STATE OF NORTH CAROLINA
v.
JOSEPH LAMONT PEOPLES.
No. COA07-1011
Court of Appeals of North Carolina.
Filed April 1, 2008
This case not for publication
Attorney General Roy A. Cooper, III, by Assistant Attorney General John R. Green, Jr., for the State.
James N. Freeman, Jr. for defendant-appellant.
HUNTER, Judge.
On 7 March 2005, Joseph Lamont Peoples ("defendant") was indicted on one count of possession of controlled substance and one count of possession of drug paraphernalia. On 6 September 2005, defendant filed a motion to suppress seeking to exclude evidence of the crack cocaine found in his pants pocket during a search of his person. The State's evidence presented at the suppression hearing tended to show the following.
In January 2005, the Lexington Police Department received information concerning the sale of crack cocaine by Steven McIntosh from his residence in Lexington. In response to this information, a Lexington police detective arranged for the purchase of crack cocaine at the residence through a confidential informant. Following the successful purchase of crack cocaine, the detective applied for and received a warrant to search the premises. On the day that the warrant was issued, four members of the Lexington Police Department executed the search warrant.
After knocking and announcing their intent to enter the residence, the police broke open the door to the residence with a ram. Upon entering, they found defendant to be the sole occupant of the residence. The police ordered defendant to the floor at gunpoint and handcuffed him. An officer then conducted an external pat down of defendant's clothing to detect any weapons in defendant's possession. During this pat down, the officer felt the "fairly large knot" of a plastic bag. After immediately concluding that what he felt was a bag containing crack cocaine, the officer removed the item from defendant's pocket. The bag contained a rock of crack cocaine weighing approximately 0.7 grams.
At the suppression hearing, the officer who performed the search of defendant testified that he was a narcotics officer with 400 hours of drug investigation training and approximately 500 drug arrests. He further testified that in performing his duties, he had found crack cocaine as a result of a frisk procedure approximately fifty to sixty times and that in "[s]everal dozen" of these cases the cocaine was contained in a plastic bag.
On 8 March 2007, the trial court entered an order denying the motion to suppress. Thereafter, defendant entered a plea of no contest to the charges and was sentenced to a suspended sentence of six to eight months and thirty-six months of supervised probation. Defendant preserved his right to appeal the denial of his motion to suppress, and this appeal is now before us.
In his sole argument on appeal, defendant contends that the trial court erroneously denied his motion to suppress on the grounds that the police officer lacked sufficient probable cause at the time he searched defendant and found the drugs. In an appeal from a ruling on a motion to suppress, this Court is required to treat the trial court's findings of fact as conclusive "if supported by competent evidence, even if the evidence is conflicting." State v. Mahatha, 157 N.C. App. 183, 191, 578 S.E.2d 617, 622, disc. review denied, 357 N.C. 466, 586 S.E.2d 773 (2003). However, the trial court's conclusions of law are subject to a full review by this Court. Id.
Defendant first asserts that the officer's external pat down of his person was not justified by the facts known to the officers executing the warrant. Defendant's argument is without merit.
As this Court has previously noted, an officer executing a search warrant is authorized by statute to detain and frisk those persons present on the premises for weapons if he reasonably believes that there is a threat to the safety of himself or others. N.C. Gen. Stat. §§ 15A-255 and -256 (2007); State v. Jones, 97 N.C. App. 189, 196, 388 S.E.2d 213, 217 (1990). Specifically, N.C. Gen. Stat. § 15A-255 provides:
An officer executing a warrant directing a search of premises or of a vehicle may, if the officer reasonably believes that his safety or the safety of others then present so requires, search for any dangerous weapons by an external patting of the clothing of those present. If in the course of such a frisk he feels an object which he reasonably believes to be a dangerous weapon, he may take possession of the object.
N.C. Gen. Stat. § 15A-255.
In this case, the search warrant was issued on the basis of law enforcement's belief that drugs were being sold on the premises. This belief was confirmed when police officers conducted a controlled drug buy at the residence with a confidential informant within seventy-two hours prior to the issuance and execution of the warrant. Further, while defendant was the only person inside the home at the time that the police knocked and announced their intention to search, defendant did not answer the door, thereby requiring the police to break the door down with a ram. We believe that these circumstances are sufficient to warrant the officers' reasonable belief that an exterior pat down of defendant for possible weapons was necessary to secure the safety of those present.
Defendant next contends that even if the external frisk was justified for safety reasons, the searching officer did not acquire sufficient probable cause during the frisk to warrant the search of defendant's pants pocket and the seizure of the plastic bag containing crack cocaine. Again, we disagree.
Under the "plain feel" doctrine, an officer may seize a weapon or contraband discovered during an otherwise lawful pat down search of a suspect's outer clothing, when the incriminating nature of the object is "immediately apparent" to the officer. See State v. Sanders, 112 N.C. App. 477, 480-82, 435 S.E.2d 842, 844-46 (1993). In State v. Briggs, 140 N.C. App. 484, 536 S.E.2d 858 (2000), this Court addressed this "immediately apparent" requirement within the context of the plain feel doctrine and concluded that "the best approach for analyzing the issue is a totality of the circumstances inquiry." State v. Green, 146 N.C. App. 702, 707, 554 S.E.2d 834, 837 (2001). We further held that the determination of probable cause in these cases "`does not require hard and fast certainty by an officer, but involves more of a common-sense determination. . . . [T]hat involves considering the evidence as understood by those versed in the field of law enforcement under the circumstances then existing.'" Id. (alteration in original).
Here, the trial court found that "[w]hen the defendant was frisked[, the officer] felt a plastic bag tied in a large knot in the defendant's right front pants pocket." The trial court also found that the officer "immediately knew that he had found cocaine" given that, in his experience, he had found cocaine packaged in this manner "[o]n 50 or 60 prior occasions." In light of these findings, combined with the officer's knowledge of the drug activity at the residence, we uphold the trial court's conclusion that the facts were sufficient to justify a search of defendant's pants pocket and seizure of the bag containing the crack cocaine.
Affirmed.
Judges McCULLOUGH and STEELMAN concur.
Report per Rule 30(e).