STATE OF NORTH CAROLINA, PLAINTIFF v. ERNEST D. HILL, DEFENDANT

———————

STATE OF NORTH CAROLINA, PLAINTIFF v. MORRIS L. HILL, DEFENDANT

No. COA01-1356; COA01-1357

(Filed 5 November 2002)

**Drugs— property seized pursuant to state warrants—release of funds to federal authorities**

The trial court erred by entering an order under N.C.G.S. § 15-11.1 directing that certain funds seized from defendants during a drug raid pursuant to state search warrants be returned by the county sheriff when said funds had been transferred to the United States Drug Enforcement Agency and were the subject of a civil forfeiture proceeding under 21 U.S.C. § 881, because: (1) once a federal agency has adopted a local seizure, a party may not attempt to thwart the forfeiture by collateral attack in our courts,

for at that point exclusive original jurisdiction is vested in the federal court by statute, 28 U.S.C. § 1355; (2) cooperation with federal authorities in enforcing the drug laws is mandated by N.C.G.S. § 90-113.5; and (3) routine intergovernmental cooperation between state and federal law enforcement agencies is not contrary to our statutory mechanism to safeguard seized property.

Appeal by Brunswick County from orders entered 26 June 2001 by Judge Gregory A. Weeks in Brunswick County Superior Court. Heard in the Court of Appeals 14 August 2002.

*Brunswick County Attorney Huey Marshall, for respondent appellants.*

*Baxley and Trest, by Roy D. Trest, for Ernest D. Hill and Morris L. Hill, petitioner appellees.*

McCULLOUGH, Judge.

Brunswick County appeals from orders entered 26 June 2001, pursuant to N.C. Gen. Stat. § 15-11.1 (2001) at the 21 May 2001 Criminal Session of Brunswick County Superior Court directing that certain funds seized from the above-named defendants, Morris L. Hill and Ernest D. Hill, be returned by the Sheriff of Brunswick County despite the fact that said funds had been transferred to the United States Drug Enforcement Agency (DEA) and were the subject of a civil forfeiture proceeding pursuant to 21 U.S.C. § 881. For the reasons set forth herein, we vacate the trial court's order.

The pertinent facts as elicited during the above-mentioned hearing are as follows: On 27 October 2000, the home of defendant Morris Hill was searched by officers of the Brunswick County Narcotics Squad. On 29 December 2000, the residence of defendant Ernest Hill was also searched by members of that department. Both searches were conducted pursuant to search warrants and the legality of these searches is not contested.

Each defendant was charged with drug offenses following the searches of their residences. The officers also seized currency from each defendant. On 1 May 2001, the district attorney however dismissed the criminal charges. While the exact date is not clear from the record, at some point subsequent to the search and prior to the hearing on the motion for return of property, the seized currency was

turned over to the DEA for forfeiture pursuant to 21 U.S.C. § 881. It was stipulated that each defendant was served with notice of the federal civil forfeiture action but evidently chose not to contest the federal proceeding. Despite being informed that the Sheriff no longer held the currency in question, the trial court ruled that, by turning over to federal authorities funds seized in a drug raid such as in the case at bar, the Sheriff (or any state or local law enforcement agency) violates N.C. Gen. Stat. § 15-11.1. The trial court also found that the funds seized were not subject to forfeiture under North Carolina law. The trial court further ruled that it retained jurisdiction over such funds pursuant to N.C. Gen. Stat. § 90-112 (2001) (forfeitures pursuant to N.C. Controlled Substances Act).

---

The issue before this Court is whether our statutory scheme is exclusive so that evidence seized by state or local officers, including property subject to state forfeiture, cannot be released to federal authorities for use in proceedings in U.S. District Court.

It is important to note that our forfeiture provisions operate *in personam* and that forfeiture normally follows conviction. *See State v. Johnson*, 124 N.C. App. 462, 478 S.E.2d 16 (1996), *cert. denied*, 345 N.C. 758, 485 S.E.2d 304 (1997). In that case this Court stated:

G.S. § 90-112(a)(2) is a criminal, or *in personam*, forfeiture statute, as opposed to a civil or *in rem*, forfeiture statute. *See U.S. v. Winston-Salem/Forsyth County Bd. of Educ.*, 902 F.2d 267, 271 (4th Cir. 1990); *State ex rel. Thornburg v. Currency*, 324 N.C. 276, 378 S.E.2d 1 (1989).

Important differences exist between *in rem* and *in personam* forfeiture. First, while *in personam* forfeiture requires a criminal conviction of the property's owner, an *in rem* proceeding only requires the government to prove that the property was used for an illegal purpose or that the property constitutes contraband. Second, the government bears a lower burden of proof in an *in rem* forfeiture action than it does in an *in personam* action. Since an *in personam* action is criminal, the government must prove the charges against the defendant beyond a reasonable doubt. In an *in rem* action, on the other hand, only proof by a preponderance of the evidence is required.

*Johnson*, 124 N.C. App. at 476, 478 S.E.2d at 25.

In *Penn General Casualty Co. v. Pennsylvania*, 294 U.S. 189, 79 L. Ed. 850 (1935), the U.S. Supreme Court held that where two *in rem* actions are pending, the court which first had dominion or control of the *res* retains exclusive jurisdiction. *Penn General*, 294 U.S. at 195, 79 L. Ed. at 855. *Penn General* is not controlling, however, since federal forfeiture proceedings are civil *in rem* proceedings and our state forfeiture proceedings are *in personam. See, e.g., U.S. v. One 1985 Cadillac Seville*, 866 F.2d 1142, 1145-46 (9th Cir. 1989).

While the standard for criminal conviction in either federal or state court is the same (proof beyond a reasonable doubt), forfeiture proceedings in federal court are, as previously stated, *in rem* and civil in nature. There the government must merely establish " 'probable cause for belief that a substantial connection exists between the property to be forfeited and the criminal activity' " at issue. *Boas v. Smith*, 786 F.2d 605, 609 (4th Cir. 1986) (quoting *United States v. $364,960 in U.S. Currency*, 661 F.2d 319, 323 (5th Cir. 1981)). Initial forfeiture proceedings are taken by an administrative agency, such as the DEA in the cases *sub judice*, although an aggrieved party has the right to obtain judicial review. 21 U.S.C. § 881.

In these cases, defendants argue and the trial court ruled that property seized pursuant to state search warrants may not be turned over to federal authorities and that to do so violates N.C. Gen. Stat. § 15-11.1 and runs afoul of N.C. Gen. Stat. § 90-112.

N.C. Gen. Stat. § 15-11.1 directs that when a state or local law enforcement officer seizes property, such shall be retained as evidence until either the district attorney releases the property or a court orders its return pursuant to a motion after a hearing. N.C. Gen. Stat. § 15-11.1(a). However, the statute also permits the introduction of substitute evidence at trial so long as such does not prejudice the defendant:

> Notwithstanding any other provision of law, photographs or other identification or analyses made of the property may be introduced at the time of the trial provided that the court determines that the introduction of such substitute evidence is not likely to substantially prejudice the rights of the defendant in the criminal trial.

*Id.* This provision recognizes that seized property, such as currency or drugs, may not always be available for use at trial and that a photograph or other identification may be used instead. *State v. Alston*,

91 N.C. App. 707, 712-13, 373 S.E.2d 306, 310-11 (1988); *State v. Jones*, 97 N.C. App. 189, 199, 388 S.E.2d 213, 219 (1990).

N.C. Gen. Stat. § 90-112(a) describes items that are subject to forfeiture pursuant to the N.C. Controlled Substances Act. The statute makes forfeitable all controlled substances, conveyances (if used in felony violations of the drug laws), containers, money, raw materials or mixing agents and books, records or formulas utilized in the manufacture or distribution of controlled substances. N.C. Gen. Stat. § 90-112(a)(1)-(5).

While defendants' attack is limited to currency, the logic would equally apply to contraband, evidentiary items such as books, records and formulas, as well as firearms, conveyances or raw materials, in short, any item that is capable of seizure under "lawful process." Currency is only one of many items capable of seizure and neither statute (N.C. Gen. Stat. §§ 15-11.1 nor 90-112) has special rules applicable only to currency. By implication, if it is violative of § 15-11.1 to deliver currency to federal authorities when a federal agency "adopts" a local seizure, it would also be a violation to turn over seized contraband or the clothing worn by a bank robber whose residence was first searched by state or local officers. To hold that such sharing of evidentiary items is prohibited would raise serious constitutional issues regarding the exercise of prosecutorial discretion and the applicability of the federal supremacy clause. *See* U.S. Const. art. VI, § 2. This we decline to do.

Instead, we recognize that American law enforcement is predicated on cooperation and mutual assistance. The need for flexibility in prosecutive decisions is desirable in that it safeguards us all without depriving any citizen of due process protections.

There are numerous court decisions recognizing the constitutionality and desirability of inter-governmental cooperation between federal, state and local law enforcement agencies. *See Bartkus v. Illinois*, 359 U.S. 121, 123, 3 L. Ed. 2d 684, 687 (1959) (valid for F.B.I. agents to provide evidence to state prosecutor); *U.S. v. Louisville Edible Oil Products, Inc.*, 926 F.2d 584, 586-88 (6th Cir.), *cert. denied*, 502 U.S. 859, 116 L. Ed. 2d 140 (1991) (county environmental board proceedings valid and not sham despite cooperation and correspondence with federal EPA); *U.S. v. Koon*, 34 F.3d 1416, 1438-39 (9th Cir. 1994), *aff'd in part, rev'd in part*, 518 U.S. 81, 135 L. Ed. 2d 392 (1996) (proper for federal and state officials to share information and evidence); *U.S. v. Trammell*, 133 F.3d 1343, 1349-51 (10th Cir. 1998)

(federal prosecution valid even though encouraged by state prosecutor); and *U.S. v. Arena*, 180 F.3d 380, 399 (2d Cir. 1999), *cert. denied*, 531 U.S. 811, 148 L. Ed. 2d 13 (2000) (finding federal prosecution valid despite cooperation with local authorities).

Numerous offenses are capable of prosecution in either federal or state court. They range from sophisticated financial crimes to bank robbery, drug trafficking or the manufacture of non-tax paid whiskey to name only a few. An ALE agent does not violate N.C. Gen. Stat. § 15-11.1 by providing evidence of a "moonshine" ring to the Federal Bureau of Alcohol, Tobacco and Firearms nor does a local police department violate this statute by providing to the F.B.I. evidence gained in the search of a bank robbery suspect's residence or vehicle. To say that such conduct violates our statutes, which are of a "housekeeping" nature, would be to erect judicial barriers to the exercise of important constitutional prerogatives. It should be noted that N.C. Gen. Stat. § 15-11.1 immediately follows N.C. Gen. Stat. § 15-11, which requires law enforcement agencies to maintain a register of all seized property including a notation as to how the property was disposed of.

In fact, our legislature has already spoken to this issue. State and local agencies are allowed to cooperate and assist each other in enforcing the drug laws. N.C. Gen. Stat. § 90-95.2 (2001). Cooperation by state and local officers with federal agencies is *mandated* by N.C. Gen. Stat. § 90-113.5 which provides:

> It is *hereby made the duty* of . . . all peace officers within the State, including agents of the North Carolina Department of Justice, and all State's attorneys, to enforce all provisions of this Article [Controlled Substances Act] . . . *and to cooperate with all agencies charged with the enforcement of the laws of the United States*, of this State, and all other States, relating to controlled substances.

N.C. Gen. Stat. § 90-113.5 (2001) (emphasis added).

The prosecution of drug traffickers is not within the exclusive province of the superior court (compare N.C. Gen. Stat. §§ 90-86 thru 90-113.7 with 21 U.S.C. § 801, *et seq.*) nor is the forfeiture of contraband, conveyances or currency (compare N.C. Gen. Stat. § 90-112 with 21 U.S.C. § 881). Those who violate the drug laws are subject to prosecution in either forum and their illicit property may be forfeited by either sovereign as well. *Rinaldi v. U.S.*, 434 U.S. 22, 28, 54

L. Ed. 2d 207, 213 (1977) (if Double Jeopardy Clause prohibited successive prosecutions by different sovereigns, sovereign with lesser interest might proceed first and preclude prosecution by sovereign with greater interest); *Abbate v. U.S.*, 359 U.S. 187, 3 L. Ed. 2d 729 (1959) (successive prosecutions by federal and state governments not prohibited as such would undermine federal law enforcement, especially when criminal acts affect federal interest more seriously); *Bartkus*, 359 U.S. 121, 3 L. Ed. 2d 684 (Double Jeopardy Clauses no bar to state robbery prosecution following federal acquittal).

Once a federal agency has adopted a local seizure, a party may not attempt to thwart the forfeiture by collateral attack in our courts, for at that point exclusive original jurisdiction is vested in the federal court by statute. 28 U.S.C. § 1355. We note that other courts, when faced with similar issues, have ruled as we do today. *See Michigan State Police v. 33rd Dist. Court*, 138 Mich. App. 390, 360 N.W.2d 196 (1984) (Where cash is subject to federal forfeiture, the state court had no jurisdiction to order disposition.).

Although our Court has not had an occasion to deal with this issue previously, a school board contested a federal forfeiture in federal court, claiming that since the currency at issue was seized by a local police department, it should have been forfeited to the school board. *Winston-Salem/Forsyth*, 902 F.2d 267 (4th Cir. 1990). We find the reasoning set forth in that case persuasive. *Id.* at 270-72. There the Board contended that seizure by state or local law enforcement authorities conferred exclusive jurisdiction over the property to the Forsyth County Superior Court. *Id.* The Fourth Circuit noted that neither court had exclusive jurisdiction as the proceedings are of a different nature with the State forfeiture statute acting *in personam* while the federal statute is *in rem. Id.*

In *Winston-Salem/Forsyth*, the Court also held that the federal government may adopt a seizure even if the party transferring the currency or contraband lacked the authority to do so. *Id. See also United States v. One 1956 Ford Tudor Sedan*, 253 F.2d 725, 727 (4th Cir. 1958). In this State, cooperation with federal authorities in enforcing the drug laws is mandated by statute. N.C. Gen. Stat. § 90-113.5. We hold that routine inter-governmental cooperation between state and federal law enforcement agencies is not contrary to our statutory mechanism to safeguard seized property. A party who is aggrieved by the federal proceeding must avail himself of the remedies provided under federal law for return of seized property or judicial review of administrative forfeitures. *See* Fed. R. Crim. P. 41; 21 U.S.C. § 881.

For the reasons set forth herein we vacate the order of the trial court and remand this case to the superior court for the entry of an order denying the defendants' motions for return of seized property.

Vacated and remanded.

Judges McGEE and BRYANT concur.