STATE OF NORTH CAROLINA v. BRANDON BUFORD DAVIS

No. COA02-1136

(Filed 21 October 2003)

**1. Evidence— actual money seized during arrest—drugs**

The trial court did not err in a possession with intent to sell or deliver cocaine and misdemeanor possession of marijuana case by denying defendant's motion requesting that the State produce the actual money seized from defendant during his arrest, because: (1) N.C.G.S. § 15-11.1(a) permits the introduction of substitute evidence at trial as long as it does not prejudice defendant; (2) the absence of the actual bills neither inhibited the jury nor prejudiced defendant in this case when the jury got to see the whole picture by listening to the witnesses on each side; and (3) the jury considered the evidence that defendant claims would exonerate him regarding the money and rejected it.

**2. Drugs— possession with intent to sell or deliver cocaine— motion to dismiss—sufficiency of evidence**

The trial court did not err by denying defendant's motion to dismiss the charge of possession with intent to sell or deliver cocaine at the close of all evidence, because: (1) the amount of cocaine found on defendant far exceeded the amount a typical user would possess for personal use; (2) the cocaine was packaged separately and an officer indicated that drug dealers often keep cocaine in individual packages so that it is readily available for sale; and (3) the drugs were found in close proximity to the money that was also seized.

Appeal by defendant from judgment entered 8 February 2002 by Judge Steve A. Balog in Guilford County Superior Court. Heard in the Court of Appeals 8 September 2003.

*Attorney General Roy Cooper, by Assistant Attorney General Fred Lamar, for the State.*

*Robert T. Newman, Sr., for defendant appellant.*

McCULLOUGH, Judge.

Defendant Brandon B. Davis was tried before a jury at the 4 February 2002 Session of the Guilford County Superior Court after

being charged with possession with intent to sell or deliver cocaine and misdemeanor possession of marijuana. The State's evidence showed the following: Brandon B. Davis was a passenger in a car that was stopped by Officer Rodney Trent Briles of the Greensboro Police Department on 1 February 2001. Officer Briles testified that the vehicle was stopped for displaying expired tags. The vehicle had four passengers including defendant who was in the front passenger seat. While Officer Briles was running the tags through his computer, defendant got out of the car and began to flee. Officer Briles called for assistance, and Officer James Bernard Wilde apprehended the fleeing defendant. Officer Wilde testified that he found 9.2 grams of marijuana, 18.6 grams of cocaine, and $2,641.68 on defendant. Officer Wilde further stated that he took the money from defendant and had his supervisor notify someone in the vice/narcotics division to seize the money federally.

Corporal Alan Sylvester Wallace worked for the vice/narcotics division at the time of the arrest and was responsible for determining whether or not there was probable cause to seize money pursuant to a drug arrest. After consulting with a U.S. Drug Enforcement Agency (DEA) official, Corporal Wallace decided that the $2,641.68 should be seized.

Defendant was arrested and booked by Officer Wilde. On 8 February 2002, the jury found defendant guilty of possession with intent to sell or deliver cocaine and misdemeanor possession of marijuana. The Honorable Steve A. Balog sentenced defendant to six to eight months in prison on 8 February 2002. Defendant appeals.

On appeal, defendant argues that the trial court erred by (I) denying defendant's motion that the State produce the actual money seized from defendant during his arrest; and (II) denying defendant's motion to dismiss at the end of the State's evidence because of insufficient evidence. For the reasons set forth herein, we are not persuaded by defendant's arguments and conclude that he received a trial free from reversible error.

At the outset, we note that recent court decisions have stressed the importance of cooperation among law enforcement agencies. For instance, this Court has stated, "American law enforcement is predicated on cooperation and mutual assistance." *State v. Hill*, 153 N.C. App. 716, 720, 570 S.E.2d 768, 771 (2002). "[R]outine inter-governmental cooperation between state and federal law enforcement

agencies is not contrary to our statutory mechanism to safeguard seized property." *Id.* at 722, 570 S.E.2d at 772.

The legislature has also spoken to this issue. N.C. Gen. Stat. § 90-95.2 (2001) allows state and local agencies to assist each other in enforcing the drug laws, while N.C. Gen. Stat. § 90-113.5 (2001) requires state and local officials to cooperate with federal agencies. We find that the actions taken by law enforcement officers in this case were consistent with these principles.

## I. Failure to Produce the Actual Money

[1] Defendant claims that the trial court erred by not forcing the State to produce the actual money seized from defendant during his arrest. Defendant further argues that this violated his rights because the money was not made available at trial for use in his defense. We do not agree.

N.C. Gen. Stat. § 15-11.1(a) (2001) directs that when a state or local law enforcement officer seizes property, the property shall be retained as evidence until either the district attorney releases the property or a court orders its return pursuant to a motion after a hearing. However, the statute also permits the introduction of substitute evidence at trial as long as it does not prejudice the defendant.

> Notwithstanding any other provision of law, photographs or other identification or analyses made of the property may be introduced at the time of the trial provided that the court determines that the introduction of such substitute evidence is not likely to substantially prejudice the rights of the defendant in the criminal trial.

*Id.*

In this case, the State's failure to present the actual money did not prejudice defendant because the jury was able to consider substitute evidence. The jury heard from Officer Wilde, the State's witness, who testified that he found $2,641.68 in cash, three bags of cocaine, and one bag of marijuana on defendant's person. In contrast, Cecilia Beatrice Davis, defendant's mother, testified that the money had special markings on it and had originally belonged to her. Davis further asserted that the money was generated from the sale of defendant's automobile, rather than the sale of drugs.

The absence of the actual bills neither inhibited the jury, nor prejudiced defendant in this case. The jury got to see the whole picture

by listening to the witnesses on each side. More importantly, through testimony, the jury considered the evidence that defendant claims would exonerate him and rejected it. Therefore, the failure to produce the actual money did not prejudice defendant.

## II. Motion to Dismiss for Insufficient Evidence

**[2]** Defendant also contends that there was insufficient evidence to convict him of possession with intent to sell or deliver cocaine. To withstand defendant's motion to dismiss, the State must "present substantial evidence that defendant (i) had either actual or constructive possession of the cocaine and (ii) possessed the cocaine with the intent to sell." *State v. Alston*, 91 N.C. App. 707, 709-10, 373 S.E.2d 306, 309 (1988). In making this determination, the evidence is viewed in the light most favorable to the State and the State is entitled to every reasonable inference to be drawn from the evidence. *Id.* at 710, 373 S.E.2d at 309.

Based on the evidence presented, the jury was reasonable in concluding that defendant intended to sell or deliver cocaine. First, the amount of cocaine found on defendant, approximately 20 grams, far exceeds the amount a typical user would possess for personal use. Second, the cocaine was packaged separately, and testimony from Corporal Wallace indicated that drug dealers often keep cocaine in individual packages so it is readily available for sale. Finally, the drugs were found in close proximity to the money. The cash was located in defendant's pocket, while the drugs were hidden in defendant's boots. We find that there was sufficient evidence to convict defendant of possession with intent to sell or deliver cocaine.

We have reviewed defendant's remaining arguments and find them to be unpersuasive. Upon a careful examination of the record, the transcript, and the arguments presented by the parties, we conclude that defendant received a fair trial, free from reversible error.

No error.

Chief Judge EAGLES and Judge STEELMAN concur.