STATE OF NORTH CAROLINA v. GERALD MICHAEL DELANEY

No. COA04-1101

(Filed 21 June 2005)

**Evidence— expert testimony—analyses conducted by others— right to confrontation—analyses not hearsay**

The trial court did not violate defendant's right to confrontation in a drug case by admitting expert testimony based on chemical analyses conducted by someone other than the testifying expert, because: (1) defendant had an opportunity to cross-examine the expert as provided under *Crawford v. Washington*, 541 U.S. 36 (2004); (2) an expert may base an opinion on tests performed by others in the field; and (3) the analyses on which the expert testimony was based were not hearsay.

Appeal by Defendant from judgment entered 14 August 2003 by Judge Susan C. Taylor in Superior Court, Cabarrus County. Heard in the Court of Appeals 17 May 2005.

*Attorney General Roy Cooper, by Special Deputy Attorney General Amar Majmundar, for the State.*

*J. Clark Fischer, for the defendant-appellant.*

WYNN, Judge.

"The admission into evidence of expert opinion based upon information not itself admissible into evidence does not violate the Sixth Amendment guarantee of the right of an accused to confront his accusers where the expert is available for cross-examination." *State v. Huffstetler*, 312 N.C. 92, 108, 322 S.E.2d 110, 120-21 (1984). In this case, Defendant contends that expert testimony based on analyses conducted by someone other than the testifying expert violated his right to confrontation under the rationale of *Crawford v. Washington*, 541 U.S. 36, 158 L. Ed. 2d 177 (2004). Because Defendant had an opportunity to cross-examine the expert, and because the analyses on which the expert testimony was based were not hearsay, we affirm the trial court's admission of the expert testimony.

The facts pertinent to the resolution of the issues on appeal show that under a search warrant issued in November 2002, the Cabarrus County Sheriff's Department searched Defendant's residence and

found marijuana and a lock box containing drugs under Defendant's bed. Further, in an outbuilding, the police discovered additional drugs that appeared ready for distribution. Defendant's appeal does not challenge the constitutionality of the search of his residence or the propriety of seizing the evidence of drugs on the property.

In the course of the police investigation into Defendant's case, the various drugs found at Defendant's residence were sent to the North Carolina State Bureau of Investigation for analyses. At trial, Special Agent Aaron Joncich testified as an expert witness regarding the results of those analyses, which had been conducted by another analyst at the State Bureau of Investigation. A jury convicted Defendant of trafficking in opium, possession of Lortab, possession of Klonopin, and intentionally maintaining a dwelling for the purpose of keeping or selling controlled substances. The trial court arrested judgment with regard to maintaining a dwelling for the purpose of keeping or selling controlled substances. Defendant appealed.

---

On appeal, Defendant contends that the trial court committed prejudicial error by allowing the prosecution to introduce hearsay evidence of the chemical analyses performed by a nontestifying chemist because the admission of that evidence violated his confrontation rights under the rationale of *Crawford*, 541 U.S. 36, 158 L. Ed. 2d 177. We disagree.

In *Crawford*, the United States Supreme Court held that a recorded out-of-court statement made by the defendant's wife to the police regarding the defendant's alleged stabbing of another, which was introduced as hearsay at trial, was testimonial in nature and thus inadmissible due to Confrontation Clause requirements. *Id.* Regarding nontestimonial evidence, the Supreme Court stated: "Where nontestimonial hearsay is at issue, it is wholly consistent with the Framers' design to afford the States flexibility in their development of hearsay law . . . as would an approach that exempted such statements from Confrontation Clause scrutiny altogether." *Id.* at 68, 158 L. Ed. 2d at 203. *Crawford* made explicit that its holding was not applicable to evidence admitted for reasons other than proving the truth of the matter asserted. *Id.* at 60, 158 L. Ed. 2d at 198 (stating that the Confrontation "Clause . . . does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted") (citing *Tennessee v. Street*, 471 U.S. 409, 414, 85 L. Ed. 2d 425 (1985)).

STATE v. DELANEY

[171 N.C. App. 141 (2005)]

Under North Carolina case law, "testimony as to information relied upon by an expert when offered to show the basis for the expert's opinion is not hearsay, since it is not offered as substantive evidence." *Huffstetler*, 312 N.C. at 107, 322 S.E.2d at 120 (citing *State v. Wood*, 306 N.C. 510, 294 S.E.2d 310 (1982)). Indeed, our Supreme Court has stated that "[i]t is the expert opinion itself, not its underlying factual basis, that constitutes substantive evidence[,]" and that "[a]n expert may properly base his or her opinion on tests performed by another person, if the tests are of the type reasonably relied upon by experts in the field." *State v. Fair*, 354 N.C. 131, 162, 557 S.E.2d 500, 522 (2001), *cert. denied*, 535 U.S. 1114, 153 L. Ed. 2d 162 (2002).

Regarding expert testimony and the Confrontation Clause, our Supreme Court has held that "[t]he admission into evidence of expert opinion based upon information not itself admissible into evidence does not violate the Sixth Amendment guarantee of the right of an accused to confront his accusers where the expert is available for cross-examination." *Huffstetler*, 312 N.C. at 108, 322 S.E.2d at 120-21 (citing *United States v. Williams*, 447 F.2d 1285 (5th Cir. 1971) (en banc), *cert. denied*, 405 U.S. 954, 31 L. Ed. 2d 231 (1972); *United States v. Lawson*, 653 F.2d 299 (7th Cir. 1981), *cert. denied*, 454 U.S. 1150, 71 L. Ed. 2d 305 (1982)).[1]

In the case *sub judice*, after a recitation of his credentials, Special Agent Joncich was tendered and accepted, without objection by Defendant, as an expert in analyzing controlled substances. Special Agent Joncich, after a thorough review of the methodology undertaken by his colleague, relied on the colleague's analyses in forming his opinion that the substances recovered from Defendant's

---

1. In a recent unpublished case, *State v. Jones*, No. COA03-976, 2004 N.C. App. LEXIS 1655 (N.C. Ct. App. Sept. 7, 2004), this Court stated:

> In the case before us, after a recitation of Agent Hamlin's professional credentials, Agent Hamlin was tendered and accepted as an expert in controlled substance analysis without objection by defendant. Agent Hamlin, after a thorough review of the methodology undertaken by Agent Koontz, relied on Agent Koontz's lab analysis in forming her opinion that the white substance was cocaine. Her opinion was based on data reasonably relied upon by others in the field. *Carmon*, 156 N.C. App. at 244, 576 S.E.2d at 737.

> *Jones*, 2004 N.C. App. LEXIS 1655, at *10. In *Jones* as here, the defendant directed this Court to *Crawford*. However, this Court concluded that *Crawford* was not applicable because "it is well established that an expert may base his or her opinion on tests performed by others in the field and defendant was given an opportunity to cross-examine Agent Hamlin as to the basis of her opinion." *Id.* at *11. This Court therefore found that there has been no violation of the defendant's right of confrontation. *Id.*

residence and outbuilding were marijuana and opium, and his opinion was based on data reasonably relied upon by others in the field. Defendant was given an opportunity to cross-examine Special Agent Joncich as to his opinion and the bases thereof.

Since it is well established that an expert may base an opinion on tests performed by others in the field and Defendant was given an opportunity to cross-examine Special Agent Joncich on the basis of his opinion, we conclude that there has been no violation of Defendant's right of confrontation under the rationale of *Crawford*.

We also note that Defendant has failed to argue his remaining assignments of error. They are therefore deemed abandoned. N.C. R. App. P. 28(b).

No error.

Judges BRYANT and JACKSON concur.