STATE OF NORTH CAROLINA
v.
PHILLIP VARZI CANNADY
No. COA07-274
Court of Appeals of North Carolina.
Filed December 18, 2007
This case not for publication
Attorney General Roy A. Cooper, by Special Deputy Attorney General Thomas R. Miller, for the State.
Greene & Wilson, P.A., by Thomas Reston Wilson, for Defendant.
STEPHENS, Judge.

I. PROCEDURE
Defendant Phillip Varzi Cannady was tried before a jury at the 23 October 2006 Criminal Session of Superior Court of Johnston County on the charge of possession with intent to sell and deliver marijuana. The jury returned a verdict of guilty on 24 October 2006. Defendant was then tried to determine his status as an habitual felon. On 25 October 2006, the same jury found Defendant guilty of having attained habitual felon status. Upon these convictions, Judge Barnette entered judgment, sentencing Defendant to a term of 93 to 121 months imprisonment. From this judgment, Defendant appeals.

II. FACTS
On 31 May 2006, Officer Brandon Holland of the Kenly Police Department observed a black Ford Crown Victoria traveling south on Church Street through Kenly, North Carolina. Officer Holland observed the driver, Defendant, was driving without a seatbelt so he stopped the vehicle. Approaching the driver's side window of the Crown Victoria, Officer Holland asked Defendant to produce his driver's license and registration. When Defendant informed Officer Holland that he did not have a driver's license, the officer asked Defendant to step out of the vehicle. After a brief pat down for weapons, Officer Holland handcuffed Defendant and placed him in the front seat of his patrol car. While Officer Holland checked the status of Defendant's driver's license, the passengers in the Ford Crown Victoria, Jessica Edwards and a minor child, remained in the car.
Officer Holland subsequently issued citations to Defendant for driving without a seatbelt, driving with a revoked license, failure to maintain insurance on the vehicle, having an expired vehicle registration, and operating a vehicle with fictitious tags. In the interim, Officer Chris Parrish arrived to provide back-up.
Officer Holland then conducted a pat down of Ms. Edwards and a brief search of the minor child and the child's safety seat. Officer Holland also searched the Crown Victoria incident to his arrest of Defendant and seized two plastic bags of what was later confirmed to be marijuana. The officer found one plastic bag containing 15.7 grams of marijuana between the driver's seat andthe center console of the vehicle, and a second plastic bag containing 45.5 grams of marijuana and a digital scale in the glove compartment.
Officer Parrish then handcuffed Ms. Edwards and placed her in his patrol car, while Officer Holland waited for a tow truck to arrive. The infant was released to another individual per Ms. Edwards's wishes.
Officer Holland conducted a more thorough search of Defendant's person at the Kenly Police Department, finding a total of $521 in Defendant's pockets. Officer Holland advised Defendant of his Miranda rights. Defendant acknowledged the reading of those rights and signed a waiver of his rights. Defendant informed Officer Holland that while he would not write a statement, he would sign a statement written by the officer. Officer Holland proceeded to transcribe Defendant's statement which reads, "[t]he two ounces and a half was mine and she did not have  and she did not know nothing about it." Ms. Edwards was released shortly thereafter.

III. MOTION TO DISMISS
Defendant first argues that the trial court erred in denying his motion to dismiss the charge of possession with intent to sell or deliver marijuana for insufficiency of the evidence. We disagree.
"Our standard of review of a trial court's ruling on a motion to dismiss for insufficient evidence is whether there is substantial evidence (1) of each essential element of the offense charged . . . and (2) of defendant's being the perpetrator of suchoffense." State v. Prush, __ N.C. App. __, __, 648 S.E.2d 556, 558 (2007) (quotation marks and citations omitted). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. State v. Blake, 319 N.C. 599, 356 S.E.2d 352 (1987). The trial court must review the evidence in the light most favorable to the State, and the State is entitled to every reasonable inference to be drawn therefrom. State v. Thomas, 296 N.C. 236, 250 S.E.2d 204 (1978). The trial court is concerned only with the sufficiency of the evidence to carry the case to the jury, and not with its weight.State v. McNeil, 280 N.C. 159, 185 S.E.2d 156 (1971).
Defendant was convicted of possession with intent to sell and deliver marijuana. Thus, in order to survive Defendant's motion to dismiss, the State must have presented substantial evidence of three elements: (1) possession of a substance; (2) the substance was controlled; and (3) Defendant had an intent to sell or deliver the substance. N.C. Gen. Stat. § 90-95(a)(1) (2005). Defendant challenges the sufficiency of the State's evidence with regard to the first and third elements.

1. Possession of a Substance
Possession of a substance within the meaning of N.C. Gen. Stat. § 90-95 exists if the individual has the power and intent to control the substance; it is not required that the possession be actual. State v. Rich, 87 N.C. App. 380, 361 S.E.2d 321 (1987). The State is not required, however, to prove that the defendant was the only individual with access to the controlled substance inorder to prove constructive possession. State v. Roseboro, 55 N.C. App. 205, 284 S.E.2d 725, disc. review denied, 305 N.C. 155, 289 S.E.2d 566 (1982). An inference of constructive possession arises where the defendant is the custodian of a vehicle in which drugs are found.State v. Nettles, 170 N.C. App. 100, 612 S.E.2d 172, disc. review denied, 359 N.C. 640, 617 S.E.2d 286 (2005). Close proximity to a controlled substance may, when taken together with control over the vehicle, further support an inference of constructive possession. State v. Alston, 91 N.C. App. 707, 373 S.E.2d 306 (1988).
Here, Defendant was the driver of the Ford Crown Victoria in which the marijuana was found during a search incident to Defendant's arrest. Additionally, the drugs were found next to the driver's seat and in the glove compartment. Accordingly, Defendant was both the custodian of the vehicle in which the drugs were found and was in close proximity to the drugs. Furthermore, following his arrest, and after being advised of his Miranda rights, Defendant claimed ownership of the drugs stating, "[t]he two ounces and a half was mine and she did not have  and she did not know nothing about it." We find this evidence, considered in the light most favorable to the State, sufficient to support an inference that Defendant was in "possession of a substance."
Defendant raises additional arguments regarding the admissibility and reliability of the confession he gave to Officer Holland. However, as Defendant never objected to the admission of his confession at trial, he did not properly preserve the issue forappeal. State v. Fisher, 171 N.C. App. 201, 614 S.E.2d 428 (2005), cert. denied, 361 N.C. 223, 642 S.E.2d 711 (2007). Furthermore, although Defendant could have assigned plain error to the admission of his confession, which would have allowed the Court to review the issue, N.C. R. App. P. 10(c)(4) (2006), Defendant failed to do so. Finally, once properly admitted, the issue of the evidentiary weight of Defendant's confession was for the jury to determine. Fisher, 171 N.C. App. 201, 614 S.E.2d 428. Accordingly, we find no merit to Defendant's arguments that the State's evidence was insufficient because Defendant's confession was not reliable.

2. Intent to Sell or Deliver
Intent to sell or deliver, within the meaning of N.C. Gen. Stat. § 90-95, can be inferred from ordinary, circumstantial evidence. State v. Casey, 59 N.C. App. 99, 296 S.E.2d 473 (1982). "While the quantity of a drug is an indicator of intent to sell, it is not the only factor relevant to that intent."Roseboro, 55 N.C. App. at 210, 284 S.E.2d at 728 (internal citation omitted). Courts have suggested that the presence of a scale with the controlled substance may be sufficient evidence to infer intent to sell. See State v. Wiggins, 33 N.C. App. 291, 235 S.E.2d 265, cert. denied, 293 N.C. 592, 241 S.E.2d 513 (1977) (holding evidence of possession insufficient where no scales or weight devices, rolling paper, or other paraphernalia related to the weighing or the rolling of marijuana was found with the drugs seized); State v. King, 42 N.C. App. 210, 213, 256 S.E.2d 247, 249 (1979) (citing Wiggins, the Court found insufficient evidence of possession where "[n]o itemsusually associated with drug trafficking were found which would supply an inference of an intent to sell."). Additionally, money seized concurrently with drugs has been held to be a factor contributing to the sufficiency of evidence regarding intent to sell and deliver. State v. Davis, 160 N.C. App. 693, 586 S.E.2d 804 (2003).
Here, Defendant's intent to sell was inferred from the quantity of marijuana seized, the scale found in the glove compartment along with one of the bags of marijuana, and the fact that Defendant had $521 in cash on his person. We find this evidence, considered in the light most favorable to the State, sufficient to support an inference that Defendant had an "intent to sell or deliver." In light of this determination, we hold the State offered sufficient evidence of each element of the crime charged and, thus, the trial court properly denied Defendant's motion to dismiss.

IV. CONFRONTATION CLAUSE
In Defendant's second assignment of error, he argues that the trial court erred in admitting in evidence a State Bureau of Investigation laboratory report to corroborate the testimony of the State's expert witness. Defendant asserts that the report was admitted in violation of his Sixth Amendment right of confrontation and the United States Supreme Court's holding in Crawford v. Washington, 541 U.S. 36, 158 L. Ed. 2d 177 (2004). We disagree.
In Crawford, the United States Supreme Court held that the confrontation clause of the Sixth Amendment to the United StatesConstitution requires that criminal defendants be afforded the opportunity to cross-examine witnesses giving testimonial evidence prior to, or contemporaneously with, the admission of the evidence. Id. The confrontation requirement applies only to testimonial hearsay, and where evidence is admitted for a purpose other than the truth of the matter asserted, that is, where the evidence is not hearsay, the protection afforded by the confrontation clause is not at issue. Id.
In State v. Delaney, 171 N.C. App. 141, 613 S.E.2d 699 (2005), this Court concluded that expert testimony based on analysis conducted by someone other than the testifying expert does not violate a defendant's right to confrontation under Crawford. In Delaney, the police discovered drugs while searching the defendant's residence. The drugs were subsequently sent to a state agency for analysis. At trial, an expert testified regarding the results of the analysis, which had been conducted by another analyst. The defendant argued on appeal that the chemical analysis performed by a chemist who did not testify at trial was hearsay, and thus the trial court violated the defendant's Sixth Amendment right of confrontation in allowing the evidence. However, in overruling the defendant's assignment of error, this Court explained:
Under North Carolina case law, testimony as to information relied upon by an expert when offered to show the basis for the expert's opinion is not hearsay, since it is not offered as substantive evidence. Indeed, our Supreme Court has stated that it is the expert opinion itself, not its underlying factual basis, that constitutes substantive evidence, and that an expert may properly base his or her opinion on tests performed by another person, if the tests are of the type reasonably relied upon by experts in the field.
Id. at 143, 613 S.E.2d at 700-01 (internal quotation marks and citations omitted). Furthermore, this Court recognized that the defendant in Delaney was allowed the opportunity to cross-examine the testifying agent regarding his opinions. Delaney, 171 N.C. App. 141, 613 S.E.2d 699.
Likewise, in State v. Walker, 170 N.C. App. 632, 613 S.E.2d 330, disc. review denied, 359 N.C. 856, 620 S.E.2d 196 (2005), this Court held that the testimony of an expert regarding a forensic firearms report prepared by another agent, and the admission of such report in evidence, did not violate the defendant's right of confrontation because "the evidence was properly admissible for non-testimonial purposes both because it was corroborative and because it helped form the basis of an expert's opinion." Id. at 635, 613 S.E.2d at 333.
In this case, the State called Chris Stark, a chemist at the SBI laboratory, to testify as an expert in the analysis of controlled substances. The prosecutor handed Mr. Stark a laboratory report that had been prepared by another analyst in the SBI lab, Agent Gregory. Mr. Stark then testified that he was familiar with the analysis of marijuana and the procedures followed by the SBI analyst who prepared the report in question. When the prosecutor then asked Mr. Stark what the results of the analysis were, the trial court initially sustained defense counsel'sobjection. However, after reviewing applicable case law, the trial court allowed the prosecutor to continue with her examination of Mr. Stark.
Mr. Stark testified that he had reviewed the laboratory report and notes made by Agent Gregory. The prosecutor then asked Mr. Stark what his own opinion was, based upon his review of the report and notes, concerning the leafy substance found in Defendant's possession. The trial court overruled Defendant's objection and Mr. Stark testified that, in his opinion, the substance was marijuana. The trial court then admitted the laboratory report to corroborate Mr. Stark's testimony.
We are bound by this Court's decisions in Delaney and Walker and conclude that the SBI report prepared by Agent Gregory was properly admissible for non-testimonial purposes, both because it was corroborative and because it helped form the basis of an expert's opinion. Mr. Stark testified that he reviewed the report and notes prepared by Agent Gregory and concluded the substance analyzed was marijuana. He further testified that his conclusions were in accord with Agent Gregory's report. Therefore, the report was corroborative of Mr. Stark's testimony and admissible for that purpose. Additionally, Mr. Stark was qualified as an expert in the analysis of controlled substances and, thus, was entitled to use Agent Gregory's report for the purpose of forming his opinion on what the substance analyzed was. Furthermore, Defendant was afforded full opportunity to cross-examine Mr. Stark as to the basis of his expert opinion. Hence, the trial court did not err inadmitting the SBI report into evidence for non-hearsay purposes and, accordingly, Defendant's Sixth Amendment right of confrontation was not violated. This assignment of error is overruled.
Defendant received a fair trial, free of error.
NO ERROR.
Judges CALABRIA and ARROWOOD concur.
Report per Rule 30(e).