STATE OF NORTH CAROLINA,
v.
CURTIS ANTHONY WITHERSPOON.
No. COA09-1303.
Court of Appeals of North Carolina.
Filed May 18, 2010.
Attorney General Roy Cooper, by Assistant Attorney General Lisa Granberry Corbett, for the State.
William B. Gibson, for Defendant.

UNPUBLISHED OPINION
BEASLEY, Judge.
Defendant Curtis Anthony Witherspoon appeals after a jury found him guilty of possession with intent to sell or deliver cocaine and sale or delivery of cocaine and he pled guilty to habitual felon status. Defendant argues that the trial court committed plain error when it permitted testimony by a forensic chemist that a substance was cocaine based on a report prepared by another analyst. We find no error.
On 3 May 2006, Sergeant Chris Howington of the Shelby Police Department and an informant named Christopher Mitchell were working together to make controlled "camera buys" of narcotics, during which Mitchell wore a camera concealed on his body. Sergeant Howington gave Mitchell $20.00 to purchase narcotics and drove him to a location to make the buy.
When Mitchell reached the home where the transaction or "buy" was to occur, Defendant answered the door. Mitchell had been to the home before, knew Defendant, and called Defendant by name. Defendant allowed Mitchell to enter the house, and Mitchell asked Defendant if he "had anything." Defendant responded in the affirmative, and "opened his hand with a few rocks." Mitchell picked out one of the rocks of crack cocaine and gave Defendant the $20.00. At trial, the State played a DVD recording of the "buy" for the jury.
After completing the "buy", Mitchell returned to Sergeant Howington's car and gave him the rock. Sergeant Howington placed the rock in a plastic bag and took it to the police station, where he conducted a field test that confirmed that the substance was cocaine base, also known as crack cocaine. The crack cocaine weighed about 0.1 grams. State Bureau of Investigation Agent Misty Icard, a forensic drug chemist, testified as an expert witness in forensic chemistry and the testing of controlled substances. Agent Icard testified that she did not personally perform forensic testing on the substance submitted by Sergeant Howington, but reviewed the hand-written notes of the agent who did the testing. Based on her review of the testing, Agent Icard believed that the substance was crack cocaine. Defendant did not object to Agent Icard's testimony.
Defendant testified that he was at a friend's house when Mitchell arrived to conduct the controlled "buy," and that his friend sold Mitchell the crack cocaine. Defendant admitted that he used drugs and that he had previously gone to prison for selling drugs to an undercover police officer.
The jury found Defendant guilty of possession with intent to sell or deliver cocaine and sale of cocaine. Defendant then pled guilty to habitual felon status. The trial court found Defendant to have a prior record level of VI, consolidated the two substantive offenses into one judgment, and imposed a term of 168 to 211 months imprisonment. Defendant appeals.
Defendant's sole argument on appeal is that the trial court committed plain error when it allowed Agent Icard to testify, based on notes prepared by another agent, that in her opinion the substance submitted for testing was crack cocaine. Defendant asserts that admission of Agent Icard's testimony violated his constitutional right to confront adverse witnesses based on the United States Supreme Court's recent decision in Melendez-Diaz v. Massachusetts, 557 U.S. ___, 174 L. Ed. 2d 314 (2009). We disagree.
The Sixth Amendment to the United States Constitution provides, in part, that "[i]n all criminal prosecutions the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. The Confrontation Clause forbids "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." Crawford v. Washington, 541 U.S. 36, 53-54, 158 L. Ed. 2d 177, 194 (2004).
Our case law permits an expert to testify to his or her own conclusions based on the testing of others in the field. See State v. Delaney, 171 N.C. App. 141, 144, 613 S.E.2d 699, 701 (2005). This Court has held that evidence offered as the basis of an expert's opinion is not being offered for the truth of the matter asserted. See State v. Walker, 170 N.C. App. 632, 635, 613 S.E.2d 330, 333 (2005). The United States Supreme Court, in Crawford v. Washington, has noted that evidence offered for purposes other than as proof of the matter asserted does not violate the Confrontation Clause. Crawford, 541 U.S. at 59-60 n.9, 158 L. Ed. 2d at 197-198 n.9.
At trial, Defendant did not object to Agent Icard's testimony. "It is well established that appellate courts will not ordinarily pass on a constitutional question unless the question was raised in and passed upon by the trial court." State v. Muncy, 79 N.C. App. 356, 364, 339 S.E.2d 466, 471 (1986). The North Carolina Rules of Appellate Procedure, however, allow "plain error" review in criminal cases when the error is not preserved "where the judicial action questioned is specifically and distinctly contended to amount to plain error." N.C.R. App. P. 10(c)(4). Here, Defendant has specifically alleged plain error on appeal, and so we apply the plain error standard to the question before us.
In order to establish plain error, Defendant must meet the burden of showing either "(i) that a different result probably would have been reached but for the error or (ii) that the error was so fundamental as to result in a miscarriage of justice or denial of a fair trial." State v. Bishop, 346 N.C. 365, 385, 488 S.E.2d 769, 779 (1997).
We find our recent opinion in State v. Mobley, ___ N.C. App. ___, 684 S.E.2d 508 (2009), to be controlling authority on this issue. In Mobley, we held that, although the Confrontation Clause prohibits the State from introducing the results of scientific testing conducted by one expert through another expert's testimony, an expert may testify as to his or her own opinion based on the results of testing conducted by another expert. Id. at ___, 684 S.E.2d at 511. Here, as in Mobley, the State did not seek to introduce the results of scientific testing through its testifying expert, but had Agent Icard testify to her own opinion based on her review of the testing done by another expert. Accordingly, we hold that this case falls squarely within our prior holding in Mobley, and decline to find error, much less plain error, in the admission of Agent Icard's testimony.
No Error.
Judges STEPHENS and ERVIN concur.
Reported per Rule 30(e).